IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE KAW NATION OF OKLAHOMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-cv-00934L |
| | ) | Judge Francis M. Allegra |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PARTIES' JOINT MOTION FOR EXTENSION OF TIME FOR DEFENDANT TO FILE ANSWER OR OTHERWISE RESPOND TO COMPLAINT, AND [PROPOSED] ORDER**

Pursuant to Rule 6.1 of the Rules of the Court of Federal Claims ("RCFC"), the parties respectfully make this joint motion that the Court grant an extension of time, to and including April 13, 2007, for Defendant to file its Answer or otherwise respond to the Complaint. The grounds for this joint motion are as follows:

1. Plaintiff filed this case on December 29, 2006. See Complaint, Doc. 1. Additionally, Plaintiff filed a companion case for declaratory and injunctive relief in the United States District Court for the Western District of Oklahoma, Kaw Nation of Oklahoma v. Kempthorne, No. 06-cv-01437-W (W.D. Okla.), on December 29, 2006. Plaintiff makes allegations in both cases relating to the trust accounting and trust funds management responsibilities allegedly owed by Defendant to Plaintiff.

2. Under RCFC 12, the deadline for Defendant to file its Answer or otherwise respond to the Complaint in this case is currently February 27, 2007.

3. On February 17 and 22, 2007, Plaintiff's counsel, Kennis Bellmard, conferred with Defendant's counsel, Anthony P. Hoang, about Plaintiff's two cases, and, among other things, they

discussed and agreed that (a) they would explore settlement discussions to resolve the issues and claims asserted by Plaintiff in its two cases; (b) undertake several activities, including informal requests and productions of relevant or potentially relevant documents and data, in furtherance of the settlement discussions; and (c) seek an extension of time for Defendant to file its Answer or otherwise respond to the Complaint. On February 23, Plaintiff's counsel, Sandra B. Harrison, conferred and agreed with Mr. Hoang that the parties would request jointly an extension of time to and including April 13, 2007. Counsel for the parties agreed that, during the requested extension of time, in addition to Defendant preparing its Answer or response to the Complaint and the parties doing other things, Plaintiff and Defendant would confer about developing and implementing a joint, cooperative process or framework for obtaining relevant or potentially relevant documents and data and for exploring the possibility of settling or engaging in an alternative dispute resolution (ADR) process regarding Plaintiff's issues and claims in this case, as well as in the companion case, Kaw Nation, No. 06-cv-01437-W.

4. In addition, on February 17, counsel for the parties discussed the fact that, by Defendant's computation, there are presently about 103 Tribal trust accounting and trust mismanagement lawsuits pending in this Court,[1/] in the United States District Court for the District

---

[1/] There are currently 57 Tribal trust cases, including this one, in the Court of Federal Claims. See Exhibit (Exh.) 1. Of those 57 cases, Plaintiff's counsel and his law firm have brought the following cases, on behalf of six Tribes, before this Court: Kaw Nation of Oklahoma v. United States, No. 06-cv-00934-FMA; Miami Tribe of Oklahoma v. United States, No. 06-cv-00939-LSM; Otoe-Missouria Tribe of Indians v. United States, No. 06-cv-00937-LAS; Pawnee Nation of Oklahoma v. United States, No. 07-cv-00002-SGB; Seminole Nation of Oklahoma v. United States, No. 06-cv-00935-GWM; and Tonkawa Tribe of Indians v. United States, No. 06-cv-00938-BAF (Fed. Cl.). Id.

of Columbia,[2] and in the United States District Courts in Oklahoma.[3] See Exhibit (Exh.) 1. Counsel agreed that, given the number of cases, especially those in this Court, and the significant potential for overburdening already limited resources, it would be the best interests of the Tribes in litigation, including Plaintiff herein, and Defendant to work together and, if possible, formulate and execute an appropriate joint and cooperative response to or method for handling or resolving the cases without the need for litigation, if possible. To that end, Defendant's counsel has been and continues to be working diligently with attorneys from the Solicitor's Office for the United States Department of the Interior and from the Chief Counsel's Office for the Financial Management Service of the United States Department of the Treasury (i.e., the federal agencies principally involved in the Tribal trust accounting and trust mismanagement issues and claims raised by the Tribes, including Plaintiff herein) and with counsel for most of the Tribes in the cases, to determine the feasibility of developing a joint cooperative approach for resolving the Tribes' issues and claims as an alternative to litigation.

5. With respect to this case, as well as Plaintiff's companion case, Kaw Nation, No. 06-cv-01437-W, Plaintiff and Defendant have been and continue to be conferring about the possibility of such a joint cooperative approach for resolving Plaintiff's issues and claims. The parties believe

---

[2] There are currently 37 Tribal trust cases the United States District Court for the District of Columbia. Exh. 1. Most of the Tribes bringing these lawsuits have also filed companion cases in the Court of Federal Claims. Id.

[3] There are currently nine Tribal trust cases in the United States District Courts in Oklahoma. Exh. 1. Of these nine, Plaintiff's counsel and his law firm have brought the cases for declaratory and injunctive relief, on behalf of five Tribes: Kaw Nation v. Kempthorne, No. 06-cv-01437-W (W.D. Okla.); Miami Tribe of Oklahoma v. Kempthorne, No. 06-cv-00698-CVE-SAJ (N.D. Okla.); Otoe-Missouria Tribe of Indians v. Kempthorne, No. 06-cv-01436-C (W.D. Okla.); Seminole Nation of Oklahoma v. Kempthorne, No. 06-cv-00556-SPS (E.D. Okla.); and Tonkawa Tribe of Indians v. Kempthorne, No. 06-cv-01435-F (W.D. Okla.). Id.

that they will require additional time to complete their discussions, determine whether and how to develop a process for obtaining relevant or potentially relevant documents so as to advance the case and for exploring potential settlement of some or all of Plaintiff's issues and claims, and implement that process. Further, the parties believe that, on or before April 13, 2007, they may be able to determine whether and how to proceed with Plaintiff's issues and claims in this case, as well as Kaw Nation, No. 06-cv-01437-W, and to so inform the Court.

6. Among other matters, Defendant is working diligently on preparing responses to the Complaint in this case. Nonetheless, because of the demands of other Tribal trust cases, Defendant needs additional time in order to complete its work on its draft Answer or response; submit the document for review and comment by the appropriate officials and personnel at the Departments of Justice, the Interior, and the Treasury; incorporate or address any comments; and finalize and file the document. Also during the requested extension of time, as indicated above, Plaintiff and Defendant plan to address their needs for relevant or potentially relevant document and data production and for settlement or ADR discussions.

7. Based on the foregoing, the parties hereby respectfully request that the Court grant their request for extension of time, to and including April 13, 2007, for Defendant to file its Answer or otherwise respond to the Complaint.

8. On the one hand, the granting of this joint motion would serve the public interest by promoting judicial economy and conserving the parties' limited resources. Further, it would not cause any undue prejudice or harm to the rights and interests of the parties herein. On the other hand, the denial of the joint motion would interfere with Defendant's ability to prepare, finalize, and file a complete, fully adequate, and reviewed pleading in response to the Complaint; the parties'

ability to work with each other on possible approaches for addressing their document and data production needs and resolving Plaintiff's issues and claims; and Defendant's ability to work with the Tribes in the other Tribal trust accounting and trust mismanagement lawsuits and possibly devise an efficient, cost-effective, and resource-conserving way for addressing and handling the 103 cases (or some portion of those cases) that have been filed in this Court and in the United States District Courts.

WHEREFORE, the parties respectfully request that their motion for temporary stay of litigation be GRANTED.

Respectfully submitted this 23rd day of February, 2007,

MATTHEW McKEOWN
Acting Assistant Attorney General

*s/ Martin J. LaLonde*
*for Timothy M. Larason*
TIMOTHY M. LARASON
Andrews Davis, P.C.
100 North Broadway Avenue, Suite 3300
Oklahoma City, OK
Tel: (405) 272-9241
Fax: (405) 235-8786

Attorney of Record for Plaintiff

*s/ Martin J. LaLonde*
MARTIN J. LALONDE
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0247
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021

CANDACE N. BECK
Office of the Solicitor

United States Department of the Interior
Washington, D.C. 20240

TERESA E. DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227