IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE KAW NATION OF OKLAHOMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-cv-00934L |
| | ) | Judge Francis M. Allegra |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ANSWER TO**
**AMENDED COMPLAINT**

Defendant United States of America hereby submits the following Answer to the Amended Complaint. Defendant specifically denies each and every allegation of the Amended Complaint that is not otherwise expressly admitted, qualified, or denied in this Answer. The numbered paragraphs of this Answer correspond to the numbered paragraphs of Plaintiff's Amended Complaint.[1/]

1. The allegations of Paragraph 1 constitute Plaintiff's characterizations of this suit to which no response is required.

**II. "PARTIES"**

2. Defendant admits that the Kaw Nation of Oklahoma ("Kaw Nation" or "Tribe") is a federally-recognized Indian tribe. The remaining allegations in the paragraph are characterizations and conclusions of law to which no response is required.

[1/] As to the allegations in footnotes 1 and 2 of the Amended Complaint, Defendant admits that Plaintiff has filed a separate action in the United States District Court for the Western District of Oklahoma, but denies that the relief sought is limited to declaratory and injunctive relief. Defendant further states that the pleadings and docket entries in the district court action and in this action speak for themselves and are the best evidence of their contents.

3. Defendant admits that the United States carries out certain of its legal responsibilities for the Kaw Nation through the Secretary of the Interior, the Secretary of the Treasury, and the Special Trustee for American Indians. The remaining allegations in the paragraph are characterizations and conclusions of law to which no response is required.

a. Defendant admits that Dirk Kempthorne is the Secretary of the Interior and that the United States carries out certain legal responsibilities for the Kaw Nation through the Secretary of the Interior. Defendant denies that Dirk Kempthorne or the Secretary of the Interior is a "defendant" or "party" in this lawsuit. The remaining allegations in Paragraph 3.a. are Plaintiff's characterizations of service of process and conclusions of law to which no response is required.

b. Defendant admits that Ross O. Swimmer is the Special Trustee for American Indians; that he is appointed by the President of the United States with the advice and consent of the Senate; and that the United States carries out certain legal responsibilities for the Kaw Nation (such as some of those specified in the American Indian Trust Reform Management Reform Act, 25 U.S.C. §§ 4001 *et seq*.) through the Special Trustee. Defendant denies that Ross Swimmer or the Special Trustee for American Indians is a "defendant" or "party" in this lawsuit. The remaining allegations in Paragraph 3.b are Plaintiff's own characterizations of service of process and conclusions of law requiring no response.

c. Defendant admits that Henry M. Paulson is the Secretary of the Treasury. Defendant denies that Henry M. Paulson or the Secretary of the Treasury is a "defendant" or "party" in this lawsuit. The remaining allegations in Paragraph 3.c are Plaintiff's characterizations of service of process and conclusions of law to which no response is required.

d. Paragraph 3.d consists of Plaintiff's characterization of the word and use of the word "Defendant" in its Amended Complaint to which no response is required.

## III. "JURISDICTION AND VENUE"

4. Paragraph 4 consists of Plaintiff's characterizations and conclusions of law to which no response is required. The cited statutes speak for themselves and are the best evidence of their contents.

5. Paragraph 5 consists of Plaintiff's characterizations and conclusions of law to which no response is required. The cited statutes and judicial decision speak for themselves and are the best evidence of their contents.

6. Paragraph 6 consists of Plaintiff's characterizations and conclusions of law to which no response is required. The cited statute speaks for itself and is the best evidence of its contents.

## IV. "FACTUAL BACKGROUND"

7. As to the allegation in the first sentence of Paragraph 7, Defendant denies that the Kaw Nation occupies land within its former reservation boundaries in Ottawa County, Oklahoma. Defendant avers that the Kaw Nation occupies land within its former reservation in the vicinity of Kay County, Oklahoma and that the United States holds approximately 1,050.074 acres of land in Kay County, Oklahoma, including Lots 2, 3, and 4 in Block 6 of the town site of Kaw City, Oklahoma in Kay County, Oklahoma in trust for the benefit of the Tribe. With regard to the allegation referring to "natural resources, including valuable oil, gas, water and other mineral reserves attributable to its former reservations in Oklahoma and elsewhere," the allegation is vague and ambiguous, such that Defendant is unable to formulate a response

thereto. Notwithstanding the vagueness and ambiguity of the phrase, Defendant admits that Plaintiff is the beneficial owner of lands and associated natural resources and that Defendant holds title to those lands in trust for the benefit of Plaintiff. The allegations in the second sentence of Paragraph 7 consist of Plaintiff's own definition of how it will use the term "Trust Funds" in its Amended Complaint, to which no response is required.

8. Paragraph 8 consists of Plaintiff's characterizations and conclusions of law to which no response is required. The cited statute speaks for itself and is the best evidence of its contents.

9. Paragraph 9 consists of Plaintiff's characterizations and conclusions of law to which no response is required. The cited statutes and unspecified "other federal laws" speak for themselves and are the best evidence of their contents.

10. As to the allegations contained in the first sentence of Paragraph 10, Defendant admits that it entered into certain treaties, settlements, and contracts related to the Tribe's lands or resources. The phrase "other valuable resources" in the first sentence of Paragraph 10, however, is vague and ambiguous such that Defendant is unable to formulate a response thereto. The remaining allegations of Paragraph 10 consist of Plaintiff's characterizations and conclusions of law to which no response is required. The unspecified treaties, settlements and other contractual agreements speak for themselves and are the best evidence of their contents..

11. As to the allegations in the first sentence of Paragraph 11, the phrase "control and management" is vague and ambiguous such that Defendant is unable to formulate a response thereto. Notwithstanding the vagueness and ambiguity, Defendant denies that the Secretary of the Interior has assumed exclusive control and management over the trust property of the

Plaintiff. Defendant avers that Plaintiff shares (and has shared) control and management responsibilities over such trust property and that the respective extents of Plaintiff's and of Defendant's control and management responsibility are set forth in various statutes and regulations respecting tribal property held in trust. As to the second and third sentences in Paragraph 11, the allegations are broad and ambiguous such that Defendant is unable to formulate a response thereto. Notwithstanding the breadth and ambiguity of the allegations contained in the second sentence of Paragraph 11, Defendant denies that, since in or about 1996, it has conveyed the title to certain of the Tribe's lands to third parties or approved the use of certain Trust Property of the Tribe for Federal purposes, and states that it presently is without knowledge or information sufficient to form a belief as to whether it conveyed the title to any of the Tribe's lands to third parties or approved the use of certain Trust Property of the Tribe for Federal purposes prior to that date. The allegations contained in the fourth sentence of Paragraph 11 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

12. As to the allegations in Paragraph 12, Defendant admits that it shares with Plaintiff certain responsibilities for trust assets held in accordance with applicable laws, statutes and regulations. Defendant denies that it has assumed responsibilities other than those set forth in treaties, statutes or regulations. Further, Defendant avers that Plaintiff shares control and management of such trust assets and that the respective extents of Plaintiff's and of Defendant's control and management of such trust assets also are set forth in the provisions of, and the regulations implementing, statutes respecting tribal assets held in trust. The remaining allegations of Paragraph 12 consist of Plaintiff's characterizations and conclusions of law to

which no response is required.

13. The allegations of Paragraph 13 contain Plaintiff's characterizations and conclusions of law pertaining to United States v. Mitchell, 463 U.S. 206 (1983) and Cobell v. Norton, 240 F. 3d 1081 (D.C. Cir. 2001), to which no response is required. The cited opinions provide the complete statement of their contents.

14. The allegations of Paragraph 14 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

15. The allegations of Paragraph 15 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

16. The allegations of Paragraph 16 contain Plaintiff's characterizations and conclusions of law pertaining to 25 U.S.C. § 2, United States v. Mitchell, 463 U.S. 206, 255 (1983) and Cobell v. Norton, 240 F. 3d 1081, 1081 (D.C. Cir. 2001), to which no response is required. The cited statute and judicial opinions provide the complete statement of their contents.

17. The allegations contained in Paragraph 17 consist of Plaintiff's legal conclusions and characterization of and quotations from the document entitled Misplaced Trust: The Bureau of Indian Affairs Mismanagement of the Indian Trust Fund, H.R. Rept. No. 102-499, 102nd Cong.2d.Sess. (1992), to which no response is required. The cited Congressional report speaks for itself and is the best evidence of its contents.

18. The allegations contained in Paragraph 18 consist of Plaintiff's conclusions of law and characterizations of a congressional report to which no response is required, as that document speaks for itself and is the best evidence of its contents.

19. The allegations of Paragraph 19 consist of Plaintiff's characterizations and conclusions of law to which no response is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 19.

20. Defendant admits the allegations contained in the first sentence of Paragraph 20. The remaining allegations of Paragraph 20 consist of Plaintiff's characterization and conclusions of law pertaining to the American Indian Trust Fund Management Reform Act, 25 U.S.C. §§ 4001-61, to which no response is required. Defendant respectfully refers the Court to the cited Act for a full and complete statement of its contents.

21. The allegations of Paragraph 21 consist of Plaintiff's characterizations of unspecified reports issued by the Interior Department's Inspector General, the General Accounting Office, and the Office of Management and Budget, which reports speak for themselves and are the best evidence of their contents.

22. The allegations in the first sentence of Paragraph 22 are vague and ambiguous such that Defendant is unable to formulate a response thereto. In addition, the allegations of Paragraph 22 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

23. The allegations of Paragraph 23 consist of Plaintiff's characterizations of Congress' intent and conclusions of law to which no response is required. The cited Acts of Congress speak for themselves and are the best evidence of their contents.

24. The allegations in Paragraph 24 include Plaintiff's characterizations and conclusions of law to which no response is required. The cited Acts of Congress speak for themselves and are the best evidence of their contents.

**COUNT 1**

25. In response to the allegations of Paragraph 25, Defendant incorporates herein by this reference all of its admissions, denials and averments to Paragraphs 1-24 of the Amended Complaint.

26. As to the allegations contained in the first sentence of Paragraph 26, the Defendant admits that there are regulations in place that concern the management of tribal land held in trust by Defendant. Defendant denies that it has assumed exclusive control and management over the Tribe's land held in trust by Defendant. Defendant avers that the respective extents of Plaintiff's and of Defendant's control over the management of such trust property are set forth in the provisions of and the regulations implementing statutes respecting tribal property held in trust. As to the allegations contained in the second sentence of Paragraph 26, to the extent there were any easements, rights of way and leases, Defendant denies that it assumed exclusive control over the negotiation of those easements, rights of way, and leases. Defendant further avers that the respective extents of Plaintiff's and of Defendant's control over the management and negotiations of such easements, rights of way, and leases also are set forth in various statutes and regulations respecting tribal property held in trust.

27. The allegations contained in Paragraph 27 are not pled with sufficient particularity

for Defendant to formulate a response thereto. To the extent that a response is required as to the allegations contained in the first sentence of Paragraph 27, Defendant denies that since on or about 1996, the United States, through the Department of the Interior, has entered into and approved any leases, easements and rights of way to permit third parties to utilize Plaintiff's

resources and states that it presently is without knowledge or information sufficient to form a belief as to whether it has entered into and approved any leases, easements and rights of way to permit third parties to utilize Plaintiff's resources prior to that date. Defendant further avers that it is not in exclusive control of the tribal lands and that the Plaintiff shares control over the management of those lands. The allegations contained in the second and third sentences of Paragraph 27 constitute conclusions of law or Plaintiff's characterizations of the terms of leases, easements, and rights of way, to which no response is required. To the extent that a response is required, Defendant states that any management of trust assets is governed by and set forth in the provisions of, and the regulations implementing, statutes respecting tribal assets held in trust.

28. The allegations of Paragraph 28 consist of Plaintiff's characterizations and conclusions of law to which no response is required. In addition, the allegations in the second sentence of Paragraph 28 are vague and ambiguous such that Defendant is unable to formulate a response thereto.

29. The allegations of Paragraph 29 consist of conclusions of law and Plaintiff's characterizations of the relief it requests to which no response is required.

**COUNT II**

30. In response to the allegations of Paragraph 30, Defendant incorporates herein by this reference all of its admissions, denials and averments to Paragraphs 1-29 of the Amended Complaint.

31. As to the allegations contained in the first sentence of Paragraph 31, Defendant avers that the term "general tribal funds" is vague and ambiguous such that Defendant is unable to formulate a response thereto. Defendant admits that the United States has held in trust certain

proceeds from leases and other tribal funds and avers that the extent of its control over the management and investment of funds held in trust for the benefit of Plaintiff is set forth in statutes respecting funds held in trust. The allegations contained in the remainder of Paragraph 31 consist of Plaintiff's characterizations and conclusions of law to which no response is required. The cited statutes, unspecified "applicable regulations," and judicial opinion speak for themselves and provide the best evidence of their contents.

32. The allegations of Paragraph 32 consist of conclusions of law and Plaintiff's characterizations of the relief it requests to which no response is required.

33. The allegations of Paragraph 33 consist of Plaintiff's characterizations of the suit and conclusions of law to which no response is required. The cited judicial opinion speaks for itself and is the best evidence of its contents.

34. The allegations of Paragraph 34 consist of conclusions of law and Plaintiff's characterizations of the relief it requests to which no response is required.

**COUNT III**

35. In response to the allegations of Paragraph 35, Defendant incorporates here by this reference all of its admissions, denials and averments to Paragraphs 1-34 of the Amended Complaint.

36. As to the allegations contained in the first sentence of Paragraph 36, Defendant states that to the best of its knowledge, it has not held in trust any monies derived from judgments entered on claims Plaintiff has brought against the United States. As to the allegations contained in the second sentence of Paragraph 36, Defendant admits that there are statutes and regulations in place that concern the management, distribution, and investment of

judgment funds and that the United States has managed, invested, and distributed such funds in accordance with applicable laws. The allegations contained in the last sentence of Paragraph 36 consist of Plaintiff's characterization of Chippewa Cree Tribe of the Rocky Boy's Reservation v. United States, 69 Fed. Cl. 639, 656 (2006), and legal conclusions to which no response is required. The cited judicial opinion speaks for itself and is the best evidence of its contents.

37. The allegations of Paragraph 37 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

38. The allegations of Paragraph 37 consist of conclusions of law and Plaintiff's characterizations of the relief it requests to which no response is required.

**COUNT IV**

39. In response to the allegations of Paragraph 39, Defendant incorporates here by this

reference all of its admissions, denials and averments to Paragraphs 1-38 of the Amended Complaint.

40. The allegations of Paragraph 40 consist of conclusions of law and Plaintiff's characterizations of the relief that it requests to which no response is required.

**PLAINTIFF'S PRAYER FOR RELIEF**

The remainder of the Amended Complaint is Plaintiff's Prayer for Relief, to which Defendant responds as follows. Defendant denies that Plaintiff is entitled to any of the relief requested.

**AFFIRMATIVE DEFENSES**

1. Plaintiff asserts claims that are barred, in whole or in part, by the Statute of

Limitations, 28 U.S.C. § 2401.

2. To the extent that Plaintiff asserts claims that existed on or before August 12, 1946, those claims are barred by the Indian Claims Commission Act of August 13, 1946, 60 Stat. 1049, as amended (formerly 25 U.S.C. §§ 70 et seq.).

3. Plaintiff asserts claims that are barred, in whole or in part, by the doctrines of laches and equitable estoppel.

4. To the extent that Plaintiff asserts claims that it or its privies asserted or could have asserted in a prior adjudication in which a court of competent jurisdiction entered a final judgment, those claims are barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel.

5. Plaintiff asserts certain claims over which this Court lacks jurisdiction.

6. Plaintiff fails to state a claim upon which relief can be granted.

7. Plaintiff's complaint should be dismissed pursuant to 15 U.S.C. § 1500.

Respectfully submitted this 30th day of April, 2007.

MATTHEW McKEOWN
Acting Assistant Attorney General

*s/ Martin J. LaLonde*
MARTIN J. LALONDE
United States Department of Justice
Environment and Natural Resources Division
1961 Stout Street
Denver, CO 80294
Tel: (202) 305-0247
Fax: (202) 353-2021
Attorney of Record for Defendant

OF COUNSEL:

Candace N. Beck

Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

Rachel M. Howard
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227