IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE KAW NATION OF OKLAHOMA,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Case No. 06-cv-00934L<br>Judge Francis M. Allegra |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), Plaintiff Kaw Nation, Oklahoma ("Plaintiff" or "Tribe") and Defendant United States of America ("Defendant" or "United States"), through undersigned counsel, hereby submit this Joint Preliminary Status Report ("JPSR") to the Court.

**A. Does the Court have jurisdiction over the action?**

**Plaintiff's Position:** The Court has jurisdiction under 28 U.S.C. §§ 1491 and 1505.

**Defendant's Position:** Plaintiff's claims may be barred by application of 28 U.S.C. § 1500 or the statute of limitations set forth at 28 U.S.C. § 2501. In addition, the Court may lack jurisdiction under the Tucker Act, 28 U.S.C. §§ 1491(a)(1), 1505, over those claims for which Plaintiff is unable to identify a substantive source of law, such as a statute, treaty, or regulation, that establishes a specific fiduciary, money-mandating duty, or that were within the exclusive jurisdiction of the Indian Claims Commission. Further, depending on Plaintiff's description of its claims, Defendant may raise the defense of claim preclusion.

**B. Should the case be consolidated with any other case and, if so, why?**

There is presently no need for this case to be consolidated with any other case.

**C. Should the trial of liability and damages be bifurcated and, if so, why?**

**Plaintiff's Position:** It would be appropriate to bifurcate trial of liability and damages in this case, considering the potential legal and factual complexity of the trust asset and trust fund mismanagement issues and claims raised in this case.

**Defendant's Position:** Defendant does not propose bifurcation of trial of liability and damages at this time.

**D. Should further proceedings in the case be deferred pending consideration of another case before this court or any other tribunal and, if so, why?**

The parties concur these proceedings should be deferred, in the entirety, until after resolution or adjudication of the Tribe's companion trust accounting case currently pending in the United States District Court for the Western District of Oklahoma, Kaw Nation of Oklahoma v. Kempthorne, No. 06cv01437-W (W.D. Okla.).

**E. In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?**

The parties have discussed and agreed that it would be in their best interests to explore, evaluate, and determine the feasibility of informal settlement or alternative dispute resolution (ADR) of the issues and claims presented by Plaintiff in this case, without the need for protracted litigation. Therefore, the parties intend to request that the Court refer this case to the Court's ADR program at the earliest opportunity.

In the event, however, that the parties are unable to resolve the case through informal settlement discussions or ADR, the parties intend to seek a suspension or deferral of the litigation

of this case, pending the resolution or adjudication of Plaintiff's companion case in the District Court. See Paragraph D above. The parties base their request on the fact that, in the District Court case, Plaintiff is essentially requesting that Defendant—principally, the United States Departments of the Interior and of the Treasury—be ordered to prepare and provide to Plaintiff a historical accounting of Plaintiff's trust funds and non-monetary trust assets. That accounting remedy, if granted, is very likely to have a substantial impact on the nature, scope, posture, and disposition of the trust mismanagement issues and claims raised in this case.

Given the current posture of this and the District Court cases and given the parties' agreement to explore and determine the feasibility of informal settlement discussions or ADR of Plaintiff's trust accounting and trust mismanagement issues and claims, the parties are presently unable to estimate the possible duration of the deferral or stay that they would request for this case, in the event that the parties have to undertake the litigation of the case.

**F. Will additional parties be joined? If so, the parties shall provide a statement describing such parties, their relationship to the case, the efforts to effect joinder, and the schedule proposed to effect joinder.**

**Plaintiff's Position**: Plaintiff does not anticipate seeking joinder of any additional parties.

**Defendant's Position**: Defendant believes that additional information is needed (either through discovery, an ADR process, or through a more definite statement of claims by Plaintiff) to determine whether the Plaintiff's claim in this matter will require the participation of additional parties.

**G. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is the schedule for the intended filing?**

**Plaintiff's Position:** Plaintiff reserves the right to file dispositive motions following discovery in this case, in the event that the parties are unable to resolve Plaintiff's trust mismanagement issues and claims through informal settlement discussions or ADR and that the parties undertake the litigation of this case after the resolution or adjudication of Plaintiff's companion case in the District Court. Plaintiff believes that the need to conduct discovery before any such dispositive motion in this case would be appropriate.

**Defendant's Position:** Defendant believes that additional proceedings are necessary before the parties can state with specificity the issues, if any, that may be presented to the Court by dispositive motion pursuant to RCFC 12(b), 12(c) or 56.

**H. What are the relevant factual and legal issues?**

**Plaintiff's Position:** This is an action by the Kaw Nation for an accounting of the trust funds of the Tribe and such related relief. The Tribe presently occupies the Indian country within its former reservation in Kay County, Oklahoma, but once occupied hundreds of thousands of acres of land located West of the Mississippi River. The Tribe is the beneficial owner of land and natural resources, title to which is held in trust by the United States. The United States has assumed the obligations of trustee by virtue of holding tribal land in trust. As trustee, the United States has a fiduciary relationship and obligations of the highest responsibility to administer the trust with the greatest skill and care. Congress charged the United States with fulfilling the obligations of trustee and with responsibility for the administration and management of all trust property of the Tribe. Congress imposed two requirements on the

United States: (1) to maintain the accounting and reconciliation of tribal trust funds and (2) to provide the tribes with an accounting of such funds. The United States has failed to meet either requirement as to the Tribe. To date, the United States have failed to provide the Tribe with a complete, accurate and timely accounting of the trust funds and has failed to meet its statutory and legal obligations to the Tribe. Thus, the United States is in clear breach of its trust responsibility to the Tribe. As a result, the Tribe may have monetary claims against the Untied States.

**Defendant's Position:** Defendant's view is that it is premature to identify factual and legal issues that the Court may have to address at trial on liability or damages, because the precise contours of those issues depend on jurisdictional rulings by this Court. As to the Court's jurisdiction, Defendant sets forth the following factual and legal issues:

1. Whether Plaintiff's claims are barred by the Statute of Limitations, 28 U.S.C. §2501;

2. Whether Plaintiff's claims fall within Interior Department Appropriations Act language, which provides, in relevant part that a Tribe's claim related to loss or mismanagement of its trust funds shall not begin to accrue until Interior provides an accounting from which the Tribe can determine its losses, see Pub. L. No. 108-447, 118 Stat. 2809, as construed by the United States Court of Appeals for the Federal Circuit in Shoshone Indian Tribe v. United States, 364 F.3d 1339, 1350-51 (Fed. Cir. 2004);

3. Whether Plaintiff's claims accrued more than six years prior to the filing of this case;

4. Whether the Court has jurisdiction over Plaintiff's claims under the Tucker Act or the Indian Tucker Act, 28 U.S.C. §§ 1491(a)(1), 1505;

5. Whether Plaintiff's claims are based on substantive sources of law such as a statute, treaty, or regulation that establish specific fiduciary or other duties;

6. To the extent Plaintiff's claims are based on specific duties established in substantive sources of law, whether a breach of those duties would mandate the payment of compensation;

7. Whether Plaintiff has sufficiently alleged that Defendant has failed faithfully to perform any specific money-mandating duties;

8. Whether Plaintiff's claims were within the exclusive jurisdiction of the Indian Claims Commission;

9. Whether Plaintiff's claims are barred by the doctrine of claim preclusion; and

10. Whether Plaintiff has exhausted administrative remedies prerequisite to suit.

**I. What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

The parties have agreed to explore, evaluate, and determine the possibility of settlement or other resolution of Plaintiff's issues and claims set forth in this case and the District Court case. They plan to avail themselves and take advantage of the opportunity to engage in meaningful settlement or ADR negotiations, as appropriate. At this early stage of the factually and legally complex litigation, however, the parties believe that it is premature to speculate as to the likelihood of settlement or ADR success.

Defendant believes that, should the Court decline to enter the parties' motion to stay this case pending resolution of the Plaintiff's related action in the Western District of Oklahoma or, upon resolution of the district court case and the lifting of a stay in this case, engaging in ADR may allow for the resolution of some or all of the issues in the case without the need for

protracted litigation.

**J. Do the parties anticipate proceeding to trial? Does either party or do the parties jointly, request expedited trial scheduling and if so, why?**

Plaintiff anticipates proceeding to trial for a determination of liability and damages, in the event that the parties are unable to resolve its claims in either informal settlement discussions or in ADR. Neither party anticipates requesting expedited trial scheduling.

**K. Are there special issues regarding electronic case management needs?**

The parties do not foresee any special issues regarding electronic case management issues. The parties note that some documents may be filed under seal pursuant to a protective order that may be negotiated between the parties as referenced below in Paragraph M.

**L. Is there other information of which the Court should be aware at this time?**

Plaintiff states that there is no additional information of which the Court should be aware at this time.

Defendant notes the additional information below:

At present, Defendant is handling about 102 Tribal trust accounting and trust mismanagement cases that have been brought in this Court and in various United States District Courts. There are about 56 cases including this one in this Court; nine in various United States District Courts in Oklahoma; and 37 cases in the United States District Court for the District of Columbia. Plaintiff is one of the 30 or more Tribes that have filed cases in both this Court and the District Court.

**M. Discovery**

Given their plan and intentions to explore, evaluate, and determine the feasibility of settlement or ADR of the issues and claims presented by Plaintiff in this and the District Court companion case, the parties have agreed to engage in informal productions of certain documents and data that are relevant or potentially relevant to Plaintiff's issues and claims. Counsel for the parties have been and continue to be conferring about an informal process for the identification, location, imaging or copying, and, if appropriate, coding of documents. Among other things, the parties intend to negotiate the terms and conditions of a joint stipulation or agreement and proposed order to protect the confidentiality of certain documents and data to be produced by the parties in the case. So far, Defendant has provided to Plaintiff a copy of the analyses, results, and supporting materials relating to the Tribal trust fund account reconciliation project that was undertaken by the Interior Department for Plaintiff and other Tribes in the mid-1990s. Additionally, Defendant has conducted a meeting with and informational session for Plaintiff to present and explain to Plaintiff the findings, conclusions, and methodologies of the reconciliation project. Present at the meeting with Plaintiff's counsel and representatives, including the Executive Director and the Treasurer for the Kaw Nation; Defendant's counsel; employees of the Office of Historical Trust Accounting (OHTA) for the Interior Department; and OHTA's accounting consultants.

Respectfully submitted this 16th day of July, 2007,

s/ Kennis M. Bellmard, II
KENNIS M. BELLMARD II, OBA #13965
Andrews Davis, P.C.
100 North Broadway Avenue, Suite 3300
Oklahoma City, OK 73102
Tel: (405) 272-9241
Fax: (405) 235-8786
Attorney of Record for Plaintiff

OF COUNSEL:

TIMOTHY M. LARASON, OBA #5239
MICHAEL D. MCMAHAN, OBA #17317
SANDRA BENISCHEK HARRISON, OBA #18647
Andrews Davis, P.C.
100 North Broadway Avenue, Suite 3300
Oklahoma City, OK 73102
Tel: (405) 272-9241
Fax: (405) 235-8786

s/ Martin J. LaLonde
MARTIN J. LALONDE
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0247
Fax: (202) 353-2021

Attorney of Record for Plaintiff

OF COUNSEL:

ANTHONY P. HOANG
TERRY PETRIE
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663

SHANI WALKER
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

RACHEL M. HOWARD
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20217