IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE KAW NATION OF OKLAHOMA,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 06-934L<br>Judge Allegra |

**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

The Court has directed the Parties to attempt to negotiate a mutually agreeable Confidentiality Agreement and Protective Order pursuant to RCFC 26(c) and RCFC 16(c)(3). Entry of this Order will facilitate efficient discovery and authorize production of confidential and proprietary records while protecting them from further disclosure consistent with Applicable Confidentiality Laws, as defined below, and will avoid waivers of exemptions from disclosure under the Freedom of Information Act, 5 U.S.C. § 552.

IT IS THEREFORE ORDERED that:

**1. Scope and Definitions**

This Order shall govern production in this case of records in either party's possession, custody, or control. It shall limit use and further disclosure, both within and outside of alternative dispute resolution proceedings, of records that a party receives pursuant to this Order. This Order shall not govern production, use, or disclosure of records within the possession, custody, or control of Arthur Andersen, LLP, as of the date of this Order.

(a) **"Record" defined.** As used in this Order, "record" means any book, bill, calendar, chart, check, compilation, computation, computer or network activity log, correspondence, data, database, diagram, diary, document, draft, drawing, e-mail, file, folder, film, graph, graphic presentation, image, index, inventory, invoice, jotting, journal, ledger, machine readable material, map, memo, metadata, minutes, note, order, paper, photograph, printout, recording, report, spreadsheet, statement, summary, telephone message record or log, transcript, video, voicemail, voucher, webpage, work paper, writing, or worksheet, or any other item or group of documentary material or information, regardless of physical or electronic format or characteristic, and any information therein, and copies, notes, and recordings thereof.

(b) **"Applicable Confidentiality Laws" defined.** As used in this Order, "Applicable Confidentiality Laws" means the Privacy Act, 5 U.S.C. § 552a; the Trade

Secrets Act, 18 U.S.C. § 1905; certain provisions of the National Historic Preservation Act, 16 U.S.C. § 470w-3; the Archeological Resources Protection Act, 16 U.S.C. § 470hh(a); the Indian Mineral Development Act, 25 U.S.C. § 2103(c); the Mineral Leasing Act, 30 U.S.C. § 208-1; the Surface Mining Control and Reclamation Act, 30 U.S.C. § 1201; the Federal Oil and Gas Royalty Management Act of 1982 as amended ("FOGRMA") 30 U.S.C. 1701, 1733(c), and the Defense Production Act, 50 U.S.C. App. § 2155(e); any regulation promulgated pursuant to any of the above Acts; and any other federal statute or regulation which protects federal records from public disclosure. The attorney-client privilege, the deliberative process privilege, and the attorney work-product doctrine are not Applicable Confidentiality Laws.

2. **Production Authority**

Any records that either party asserts are protected from disclosure by Applicable Confidentiality Laws are hereby authorized to be produced subject to the provisions of this Order.

3. **Privilege Review, Log, and Redactions**

Within a reasonable period of time after receipt of a request for access to records, whether by name, category, location, or otherwise, the responding party shall review the records and, as it completes privilege review, provide to the requesting party one or more privilege logs that list such records for which the responding party asserts privilege or protection from disclosure, *provided* that pursuant to paragraph 2 above such assertion of privilege or protection shall not rely on any Applicable Confidentiality Laws. Such reasonable period of time shall not exceed 90 days unless otherwise agreed by the parties or ordered by the Court. Such privilege logs shall state for each listed record and any attachments thereto the date, recipient(s) (if known), author(s) (if known), privilege(s) asserted, a description of the content of the record sufficient to demonstrate the subject matter(s) addressed in the record and the basis of the asserted privilege or protection from disclosure, and information related to the location from which the record was obtained. Thereafter, the parties will confer to address any issue related to the privilege log(s) and to address the provision of copies of records for which the responding party asserts privilege or protection from disclosure, with redactions only of portions thereof that the responding party asserts to be privileged or protected.

4. **Notification and Access**

Concurrently with providing a privilege log pursuant to paragraph 3 above, the responding party shall notify the requesting party that the records subject to the access request under paragraph 3 are available for access at a designated place under designated terms. Pursuant to RCFC 34(b), the responding party shall then promptly provide the requesting party access to all such records for which the responding party does not assert privilege or protection from disclosure, in their entirety. The responding party shall provide such record access to the requesting party's attorneys, paralegals, experts, consultants, and

contractors (hereinafter, "Researchers") as the requesting party's attorneys may direct at dates and times agreeable to the parties. Any records made available for a party's access shall be deemed confidential for purposes of the access.

**5. Agency Access Procedures**

Record access at offices of the parties' agencies shall be governed by established research procedures and agreements of the responding party or the relevant agency thereof unless the requesting party has a special need for alternative procedures or agreements, and provided that the agency access procedures as written, interpreted, or applied shall not limit or delay production under RCFC 34 or this Order. The responding party shall provide copies of such procedures and agreements to the requesting party within a reasonable amount of time after identification of locations or agencies relevant to a particular access request. Each Researcher shall review any applicable access procedures and sign an applicable access agreement before being provided access to records pursuant to this paragraph unless otherwise agreed in writing or ordered by the Court.

**6. Acknowledgments and Certifications**

Before being provided access to or disclosure of records under this Order, any members of Plaintiff's governing body and designated authorized tribal officials or employees of Plaintiff (collectively, "Plaintiff's tribal officials"), any witnesses, court reporters, or copy or computer service personnel, and any of the parties' experts, consultants, or contractors shall personally review this Order and shall execute and date an acknowledgment as follows: I acknowledge that I have read the Confidentiality Agreement and Protective Order which was approved and entered by the United States Court of Federal Claims in *Kaw Nation v. United States,* No. 06-934L, on [date of entry]. I understand the Order and agree to comply with its requirements for all record access or disclosure that is provided to me pursuant to the Order. Promptly upon termination of involvement in this action, such persons shall return to the respective attorney of record or destroy any records produced by the other party pursuant to this Order and in such persons' possession or any documents that contain confidential information derived therefrom and shall certify in writing to the respective attorney of record regarding such return or destruction. The attorneys of record shall retain all such acknowledgments and certifications and shall provide copies thereof to opposing counsel upon request.

**7. Production Designations and Privilege Log Review**

If a responding party provides access to records rather than copies thereof, the requesting party shall designate physical records for production by tagging them and leaving them in the original folders in which they are filed and shall designate electronic records for production by identifying them in writing by record, category, search parameters, or other reasonable methods. Following review of redacted records and corresponding privilege logs provided pursuant to paragraph 3 above, the requesting party shall notify the responding party regarding any such records for which the requesting party disputes the responding

party's assertion of privilege or protection.

**8. Copying and Labeling**

Records designated for production by the requesting party shall within a reasonable period of time be copied or made available for copying at the responding party's option, either in their entirety or in the redacted form in which access to them was provided, at the responding party's expense, subject to RCFC 26(c). Copied records shall be stamped or otherwise labeled CONFIDENTIAL and provided to the requesting party without waiting until all such copies are made, if practical and reasonable under the circumstances. Copies of electronic records, when practicable, shall also include the word CONFIDENTIAL in the file name and in a conspicuous place on the exterior of the CDROM, diskette, or other medium containing the record copies. If the requesting party undertakes copying of designated records, arrangements shall be made to provide the requesting party access to conduct such copying.

**9. Production Format**

Unless otherwise agreed in writing, the responding party shall produce records in the format in which that party routinely uses or stores them, *provided* that electronic records shall be produced along with available technical information necessary for access or use thereof by the requesting party. If the requesting party is unable to access or use electronic records in the format used by the responding party, the parties shall try to agree on an electronic format that would be accessible or useable by the requesting party. If the responding party asserts that direct access to electronic records in a database or other electronic collection would be inappropriate, the parties shall attempt in good faith to agree on a protocol that will provide adequate information regarding the organization and structure of such records so that the requesting party can review such records or portions thereof for which the responding party does not assert privilege or protection from disclosure. If the requesting party is unable to access or use or is denied direct access to an electronic record, it may request that the responding party provide a paper version of or underlying source data for the electronic record.

**10. Authenticity, Best Evidence, and Form**

The parties stipulate that all records produced pursuant to this Order satisfy requirements for authentication under Federal Rule of Evidence 901 and the best evidence rule under Federal Rules of Evidence 1002 to 1005, as applicable, including without limitation for purposes of introduction into evidence or use as exhibits in any deposition or filing, so long as the relevant records have not been altered. If the requesting party agrees in writing to production of any record in a form other than that in which the responding party routinely uses it, the responding party waives any objection as to that form for purposes of its introduction into evidence or its use as an exhibit in any deposition or filing.

**11. Confidential Records**

Any record produced to a party pursuant to this Order (hereinafter, "confidential records") shall be kept strictly confidential by the receiving party, which may disclose or provide access thereto only pursuant to this Order, further order of the Court, or as otherwise agreed in writing by the parties. Plaintiff shall not use the confidential records, or their contents, for any purpose other than this litigation or related administrative proceedings before the Department of the Interior.

**12. Further Disclosure or Access**

Unless otherwise authorized under paragraph 11 above, each party may disclose or provide access to confidential records produced by the other party pursuant to this Order only to the following: (a) attorneys of record in this action and attorneys, paralegals, and support staff in their offices in the course of representing the parties herein; (b) Plaintiff's tribal officials, United States government officials as necessary for purposes of this case, as well as witnesses, and experts, consultants, contractors, court reporters, and copy or computer service personnel retained by the parties or the parties' attorneys to assist in this case and persons in their employ, consistent with paragraph 6 above; and (c) the Court and its staff, consistent with paragraph 15 below.

**13. Confidentiality Controls**

The parties and all persons who are provided access to or disclosure of confidential records pursuant to this Order shall employ reasonable measures consistent with this Order to control access to, duplication, and disclosure of such records. Whenever any such person is provided access to or disclosure of confidential records by electronic means, such means shall be reasonably secure using available technology (including firewall and server security measures as appropriate), and the confidential nature of such information shall be clearly indicated to anyone accessing such records.

**14. Depositions**

If confidential records are used as exhibits at a deposition, the parties shall, upon receipt of the transcript of the deposition, designate any pages thereof quoting from or paraphrasing the confidential records, and those pages shall be stamped CONFIDENTIAL and shall themselves be deemed to be confidential records for purposes of this Order.

**15. Filings and Submissions**

The parties shall not file with the Court at any time in this action any motion, brief, pleading, or other filing or submission which attaches, quotes, or paraphrases a confidential record unless the confidential portion of such filing or submission is filed under seal. Filings and submissions under seal, and service thereof, shall be made in a sealed envelope or other appropriately sealed container on which the filing or submitting party shall indicate the

caption of this action, the contents of the envelope or container, the phrase "Confidential - Filed or Submitted Under Seal" and the following statement: This envelope or container is sealed and contains confidential information protected by order of the United States Court of Federal Claims. This envelope or container shall not to be opened or have its contents displayed or revealed except by officers of the Court or attorneys for parties to this action, other persons authorized to have such access or disclosure pursuant to the Confidentiality Agreement and Protective Order entered in this case, or by further order of the Court or written stipulation of the parties to this action. Absent such further order or stipulation, any person reviewing the contents hereof must return them to the proper custodian in a sealed envelope or container.

**16. Dispute Resolution**

The parties shall negotiate promptly and in good faith to try to resolve all disputes or objections arising under or concerning any provision of this Order. If the parties cannot mutually resolve such a dispute or objection, including without limitation through the use of redactions, either party may seek a further order of the Court seeking appropriate relief, *provided* that the parties shall stipulate to expedited briefing, hearing, and review therefor as reasonably requested by either party and as allowed by the Court.

**17. Additional Responses**

Pursuant to RCFC 26(e), during the pendency of this action, each party shall promptly amend or supplement prior responses to written requests by the other party for access pursuant to this Order if the responding party thereafter acquires, identifies, or locates additional responsive records or if that party learns that the prior responses are in some material respect incomplete or inaccurate and the additional or corrective records have not otherwise been made known to the other party through discovery in this case.

**18. Inadvertent Disclosure**

The inadvertent or unintended disclosure of privileged documents or records (collectively "records"), regardless of whether the records were designated as privileged at the time of disclosure, shall not be deemed a waiver in whole or in part of a subsequent claim of privilege, either as to the specific records disclosed or as to records related to the same subject matter. The producing party shall inform the receiving party of any inadvertent disclosure of privileged records immediately after discovering such disclosure. At the producing party's request, the receiving party shall either destroy or return the privileged record to the producing party immediately. Thereafter, the producing party shall, within a reasonable amount of time, provide a privilege log to opposing counsel regarding the inadvertently disclosed records. If the parties are unable to agree upon the entitlement of privilege regarding such documents, they shall promptly bring the matter to the attention of the trial judge for resolution by appropriate motion.

**19. Final Disposition**

Within 270 days after final disposition of this action, including any appeals, Defendant shall return or destroy all confidential records produced by Plaintiff pursuant to this Order. Further, Plaintiff shall identify records produced by Defendant pursuant to this Order that it wishes to retain and shall return or destroy all other records produced by Defendant pursuant to this Order. Within 120 days after Plaintiff identifies the records that it wishes to retain, Defendant shall review those records and propose redactions of confidential information of other Indian tribes, individuals, or entities, except to the extent that such information is subject to 30 U.S.C. § 1732. Within 90 days after receiving Defendant's proposed redactions, Plaintiff shall provide any proposed revisions or objections thereto, stating the bases therefor. Plaintiff may retain records identified as above either for which Defendant has not proposed redactions or which have been redacted by agreement of the parties or by order of the Court. Each party shall timely certify to the other party regarding completion of the above actions. Records retained by Plaintiff pursuant to this paragraph shall no longer be subject to this Order.

**20. Discovery Rules**

Other than as expressly provided for herein, this Order is not intended and shall not be construed to limit or expand the parties' rights to pursue discovery in this action pursuant to the Rules of the Court of Federal Claims.

**IT IS SO ORDERED.**

Date: ____________________

*s/* Francis M. Allegra
Judge Francis M. Allegra