IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KAW NATION OF OKLAHOMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-cv-00934 L |
| | ) | Judge Francis M. Allegra |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S NOTICE OF FILING IT'S PROPOSED CHANGES TO PLAINTIFF'S PROPOSED RECORD RETENTION ORDER**

On September 11, 2007, the Court conducted the preliminary scheduling conference pursuant to Rule 16(b) of the Rules of the United States Court of Federal Claims (RCFC). Expressing a preference for the orders issued in other matters before the Court, such as Navajo Nation v. United States, No. 06-cv-00945 L, the Court instructed the parties to propose a joint record retention or document preservation order. The parties were to submit separate proposals if they could not agree. Plaintiff has expressed its intent to propose the same order that the Court entered in Navajo Nation. Defendant's Exhibit (Def. Exh.) 1. Defendant submits herewith its changes to the proposed record retention or document preservation order. Defendant's changes are set forth in "redlined" and "clean" versions of the proposed order, for the Court's ease and convenience of reference. Def. Exhs. 2 and 3.

During the conference undersigned counsel expressed recognition for the propriety of a record retention order within the Court's discretion and a willingness to propose one jointly with plaintiff. However, upon further consideration of what plaintiff proposes, the onerous undue burden it would impose, and plaintiff's unwillingness to entertain any changes to the Navajo Nation order,

undersigned counsel respectfully advises the Court that defendant must oppose the entry of a record retention order for the reasons set forth more fully below.

In submitting the attached "redlined" and "clean" versions of the plaintiff's proposed record retention order, pursuant to the Court's instruction, Defendant is not waiving its position or any of its arguments that a record retention order is unnecessary and unwarranted in this case. In particular, Defendant is not waiving its argument, among others, that there has been no showing that "absent a court order, there is significant risk that relevant evidence will be lost or destroyed[.]" Pueblo of Laguna v. United States, 60 Fed. Cl. 133, 138 (Fed. Cl. 2004). Further, Defendant is not waiving its argument that there has been no showing that a record retention order, such as the one that this Court has determined to enter, will be effective and not unduly burdensome, as required under applicable case law. Id. Defendant – in particular, the United States Departments of the Interior and of the Treasury, the two federal agencies that are principally involved in the trust accounting and trust mismanagement issues and claims that have been asserted by Plaintiff in this case – has taken reasonable steps to preserve documents and data that are relevant to, or that may lead to the discovery of information that is relevant to, Plaintiff's issues and claims herein. These steps include but are not limited to the promulgation of agency-wide guidelines and directives for the preservation of certain documents and data; periodic written reminders to employees regarding their preservation duties; training of agency and tribal employees. and the opening, operation, and maintenance of the American Indian Records Repository (AIRR) in Lenexa, Kansas, to consolidate and house in one central repository the Interior Department's inactive Indian trust documents and data, including the fiduciary records that are relevant or potentially relevant to the issues and claims herein. Defendant is prepared to submit to the Court detailed briefing and other documentation, including declarations

of knowledgeable agency officials, regarding the factual and legal bases for Defendant's opposition to a record retention order herein, if the Court deems such briefing to be appropriate and desirable.

Defendant provides the following explanation of the most significant changes that it has made to the plaintiff's proposed record retention order

1. Any record retention order entered by the Court in this case should apply to both parties in the case, i.e., to Plaintiff and Defendant. Plaintiff shares the duty and obligation under the applicable law and rules to retain or preserve documents and data that are relevant to or that may lead to the discovery of information that is relevant to the issues, claims, and defenses in this case. Def. Exhs. 1 and 3 passim. Plaintiff's proposed record retention order prescribes requirements principally levied upon Defendant without corresponding obligations for Plaintiff.

2. Any record retention order entered by the Court herein should not obligate the parties to retain or preserve duplicate copies of the documents or data subject to the order. Such an obligation imposes financial, administrative, and other burdens on the parties, without a commensurate return of informational value. Def. Exh. 1, ¶ 1; Def. Exh. 3, ¶ 1.

3. Any record retention order entered by the Court herein should not include provisions relating to the movement, transfer, or location of certain documents, data, and tangible things, because such provisions belong appropriately in discovery-related orders or the joint preliminary status report required by Appendix A of the RCFC, not in a record retention order. Def. Exh. 1, ¶ 2. Nevertheless, to the extent that the Court deems it necessary to have such provisions in the record retention order that it has proposed to enter in this case, Defendant is proposing alternate language for the provisions. Def. Exh. 3, ¶ 4. The Court should adopt Defendant's proposed language because it provides for a written notice to Plaintiff concerning the type of documents to be moved

and the originating location.

4. The Court should not require the parties to preserve "voice mails," "Web pages," "jottings," "notes," and "metadata," because these items impose a technically and unreasonably burdensome or ambiguous preservation requirement on the parties. Def. Exh. 1, ¶ 5(a).

5. The Court should not require the parties to prevent "testing" and "migration" of "documents, data, and tangible things," because the terms are ambiguous and such restrictions would unduly interfere with daily operations of the agency in that they would arguably restrict movement of data within various agency systems. Def. Exh. 1, ¶ 5(b).

6. The Court should employ the mechanism proposed by Defendant for determining and ensuring compliance by the parties with the record retention order, because it provides for specific follow-up actions and a report to the Court explaining the actions undertaken. Def. Exh. 1, ¶ 4; Def. Exh. 3, ¶ 3.

7. The Court should not impose the undue burdensome requirement of indexing and inventorying. Def. Exh. 1, ¶ 3. Plaintiff has failed to make any showing that Defendant's maintenance of documents warrants departure from the normal processes associated with document production under Rule 34 of the Federal Rules of Civil Procedure.

Dated: September 28, 2007

Respectfully submitted,
RONALD J. TENPAS
Acting Assistant Attorney General

*s/ Terry M. Petrie*
TERRY M. PETRIE
Environment and Natural Resources Division
U.S. Department of Justice
1961 Stout Street, 8th Floor
Denver, CO 80294
Tel: (303) 844-1369
Fax: (303) 844-1350
Terry.Petrie@usdoj.gov

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021
Anthony.Hoang@usdoj.gov

SHANI WALKER
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA E. DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **DEFENDANT'S NOTICE OF FILING IT'S PROPOSED CHANGES TO PLAINTIFF'S PROPOSED RECORD RETENTION ORDER** was served on September 28, 2007, by Electronic Case Filing, on the following counsel:

Kennis Monte Bellmard, II
Andrews Davis, P.C.
100 North Broadway
Suite 3300
Oklahoma City, OK 73012

*Counsel for Plaintiff*

*s/ Terry M. Petrie*
TERRY M. PETRIE