# In the United States Court of Federal Claims

No. 06-cv-00934 L
Filed: September ____, 2007

| | | |
|---|---|---|
| KAW NATION OF OKLAHOMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-cv-00934 L |
| | ) | Judge Francis M. Allegra |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## [PROPOSED] ORDER

This Court has determined that there is a need for an order regarding the retention or preservation of certain "documents, data, and tangible things" in this case. Accordingly, the Court has instructed the parties to confer and propose a joint retention or preservation order to the Court for consideration. The parties have done so.

Upon consideration of the parties' proposals as to form and content of the retention or preservation order, as well as Defendant's objections regarding the need for such an order, the Court hereby issues the following Order, pursuant to Rule 26(c) of the Rules of the Court of Federal Claims (RCFC), as well as the Court's inherent power to regulate its proceedings and maintain the integrity of its functions:

1. Obligation to Preserve Certain Documents, Data, and Tangible Things

During the pendency of this litigation (including informal settlement discussions, ADR, and/or any appeals herein), the parties, as well as their agencies, their employees, and their agents, shall take reasonable steps to preserve those documents, data, or tangible things that are in their possession, custody, or control, and that contain information that is relevant to, or may reasonably lead to the discovery of information that is relevant to, the subject matter of the pending litigation (including claims and defenses), as that subject matter is set forth in the Complaint and any amendments thereof and the Answer to such complaint and any amendments thereof.

2. Definitions

For purposes of this Order, the following terms are to defined as follows:

(a) "Documents, data, and tangible things" shall be interpreted broadly to consist of writings; records; files; contracts; leases; correspondence; reports; memoranda; calendars; diaries;

minutes; electronic mail (e-mail) or other electronic messages; telephone message records or logs; computer and network activity logs; hard drives; backup data; removable computer storage media, such as tapes, disks, and cards; printouts; document image files; databases; spreadsheets; software; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; digital or chemical process photographs; video; phonographic or digital recordings, or transcripts thereof; and drafts. The term also shall include information that serves to identify, locate, or link documents, data, and tangible things, such as file inventories and indices.

(b) "Preserve" shall be interpreted broadly to accomplish the goal of maintaining the integrity of all documents, data, and tangible things reasonably anticipated to be subject to discovery under RCFC 26, 45, and 56(e) in this case. "Preserve" includes the parties taking reasonable steps to prevent the partial or full destruction, alteration, deletion, shredding, incineration, wiping, theft, or mutation of documents, data, and tangible things, and any negligent or intentional handling that would make material incomplete or inaccessible. The term also includes the parties taking reasonable steps to prevent the relocation of documents, data, and tangible things, if such relocation would result in the documents, data, or tangible things no longer being in the possession, custody, or control of the party from whom the documents, data, and tangible things are relocated.

3. <u>Mechanism for Ensuring Compliance With This Order</u>

The parties shall each establish a mechanism for ensuring on-going compliance with this Order, such as periodic reminders of record retention obligations to be sent to appropriate document entities within 45 days following the date of entry of this Order and then every six months thereafter for the pendency of this case. The parties shall file a report setting forth their compliance mechanism, within 60 days of the date of this Order. The compliance mechanism shall include the respective party's specification of the subject matters at issue in this litigation and the documents, data, or tangible things the parties reasonably anticipate to be subject to discovery in this case and to this order. Counsel shall notify the Court and opposing counsel, as soon as is reasonably possible , if, at any time, they become aware of a violation of Paragraph 1 of this Order (*i.e.*, the destruction or loss of certain documents, data, and/or tangible things).

4. <u>Movement(s) or Transfer(s) of Certain Documents, Data, and Tangible Things</u>

In the event that the Bureau of Indian Affairs (BIA) of the United States Department of the Interior (Interior) proposes to move or transfer any documents that are subject to this Order, from the BIA Regional and Agency Offices that are responsible for administering and managing Plaintiff's affairs and natural resources to the American Indian Records Repository (AIRR), Defendant shall provide Plaintiff with notice of such document movement at least 30 days in advance of the movement. Such written advance notice shall include a general description of the documents to be moved and the location(s) from which they are to be moved to the AIRR.

5. <u>Information About Location(s) of Certain Documents</u>

In the event that a party formally requests from the other party the production of documents that are in the other party's possession, custody, and control, the responding party may elect to allow inspection of the responsive documents at their resident locations, as provided under the RCFC. In the event of such document inspection(s), the responding party will provide to the requesting party information about the location(s) of the responsive documents, as well as any existing document inventories or document finding aids, if any, that have been prepared and kept in the normal course of business. Any document inspections that will be conducted will occur in accordance with the rules and procedures of those facilities at which the documents are located.

6. Dispute Resolution

If a party desires clarification of any issue(s) related to the parties' obligations pursuant to, or compliance with, this Order, or believes that the opposing party has violated any term of this Order, the party shall notify the opposing party in writing and state the issue(s) requiring clarification or the grounds upon which the party has formed such belief. As soon as practicable after receiving such written notification, the parties shall meet and confer in an attempt to clarify the issue(s) in a mutually agreeable manner or resolve the dispute. If the parties cannot clarify the issue(s) in a mutually agreeable manner or do not resolve the dispute, within a period of 17 days from the date of the aforementioned written notification either party may file a motion with the Court seeking a ruling regarding the parties' obligations under, and compliance with, this Order. The parties may also extend the period of 17 days by written agreement.

7. Further Instructions, Clarification, or Modification of This Order

Each party may apply to the Court, at any time, for further instructions, clarification, or modification of this Order, regarding, inter alia, their obligations to preserve specific categories of documents, data, and tangible things covered by the Order. The parties are encouraged to confer among themselves and to make a joint proposal or submission to the Court, wherever appropriate or possible.

**IT IS SO ORDERED.**

Date: _____________

s/Francis M. Allegra
**FRANCIS M. ALLEGRA**
**Judge**



Defendant's Exhibit 3