IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| KAW NATION OF OKLAHOMA,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 06-cv-00934 L<br>Judge Francis M. Allegra |

**DEFENDANT'S (PROPOSED) CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

The Court finds that good cause exists for approval and entry of the Confidentiality Agreement and Protective Order pursuant to RCFC 26(c) and RCFC 16(c)(3). Entry of this Order will facilitate efficient discovery and authorize production of confidential and proprietary records while protecting them from further disclosure consistent with Applicable Confidentiality Laws, as defined below, and will avoid waivers of exemptions from disclosure under the Freedom of Information Act, 5 U.S.C. § 552.

IT IS THEREFORE ORDERED that:

1. **Scope.** This Order shall govern production in this case of records in either party's possession, custody, or control. It shall limit use and further disclosure, both within and outside of alternative dispute resolution proceedings, of records that a party receives pursuant to this Order. This Order shall not govern production, use, or disclosure of records within the possession, custody, or control of Arthur Andersen, LLP, as of the date of this Order.

2. **"Applicable Confidentiality Laws" defined.** As used in this Order, "Applicable Confidentiality Laws" means the Privacy Act, 5 U.S.C. § 552a, including information related to Individual Indian Money (IIM) accounts; the Trade Secrets Act, 18 U.S.C. § 1905; certain provisions of the National Historic Preservation Act, 16 U.S.C. § 470w-3; the Archeological Resources Protection Act, 16 U.S.C. § 470hh(a); the Indian Mineral Development Act, 25 U.S.C. § 2103(c); the Mineral Leasing Act, 30 U.S.C. § 181 et seq.; the Surface Mining Control and Reclamation Act, 30 U.S.C. § 1201; the Federal Oil and Gas Royalty Management Act of 1982 as amended ("FOGRMA") 30 U.S.C. 1701, 1733(c), and the Defense Production Act, 50 U.S.C. App. § 2 155(e); any regulation promulgated pursuant to any of the above Acts; and any other federal statute or regulation which protects federal records from public disclosure. Confidential business information or materials that relate to Indian Tribes and/or Indian individuals not parties to this litigation are covered under Applicable Confidentiality Laws. The attorney-client privilege, the deliberative process privilege, and the attorney work-product doctrine are not Applicable Confidentiality Laws.

3. Documents, data, and other materials containing information that a party asserts and designates as being subject to protection from disclosure as defined by Applicable Confidentiality Laws will hereinafter be termed "Confidential Materials" for purposes of this Order.

4. **Production Authority.** Any records that either party asserts are protected from disclosure by Applicable Confidentiality Laws are hereby authorized to be produced subject to the provisions of this Order.

5. Plaintiff shall not use the Confidential Materials, or their contents, for any purpose, other than this litigation (including any ADR process, informal settlement discussions, and appeals therein) or any related administrative proceedings before the Interior Department, if any. Any information contained in the Confidential Materials shall be kept strictly confidential by Plaintiff's attorney(s) and Plaintiff's designee(s), and such information shall not be disclosed, made public, or made available to anyone, except as specifically provided in this Order or in any further Order that this Court may enter.

6. Any documents, data, or other materials made available by Defendant to Plaintiff's attorney(s) or Plaintiff's designee(s) for inspection in this case shall be deemed Confidential for purposes of the inspection. Any images or copies of Confidential Materials that are provided to Plaintiff shall include the endorsement "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE." Plaintiff and Defendant may agree to forego Defendant's review to determine the confidentiality of certain documents, data, and other materials to be provided to Plaintiff, in which case Defendant shall include on those documents, data, and other materials the endorsement "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE," before providing the documents, data, and other materials to Plaintiff. All documents, data, and other materials so endorsed shall be deemed Confidential Materials and protected as such under this Order. If Plaintiff intends to file documents, data, or other materials that have been endorsed as Confidential Materials with the Court as evidence or for any other purpose, it shall follow the procedures set forth in this Order. Alternatively, Plaintiff may request that Defendant review certain endorsed documents, data, or other materials to determine if they contain confidential information; redact any confidential information; and produce a version of the documents, data, or other materials, after the necessary redactions, for filing with the Court without the Confidential Materials endorsement. After the documents, data, or other materials have been redacted or otherwise determined not to contain Confidential Materials, the documents, data, or other materials shall no longer be considered confidential and subject to this Order.

7. Documents, data, or other materials relating exclusively to individuals, other Tribes, or entities, or to funds, lands, and resources to which Plaintiff does not claim a legal interest shall not be produced to Plaintiff, unless Plaintiff and Defendant agree that such production would be appropriate and necessary for the purposes of this case. In the event that the parties agree that such documents, data, or other materials should be produced to Plaintiff, Defendant shall include on the documents, data, or other materials the endorsement "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE," before providing the documents,

data, or other materials to Plaintiff.

8. Plaintiff and Defendant shall share equally the costs of copying or imaging the documents, data, and other materials to be produced to Plaintiff. Copying or imaging charges shall be billed at reasonable rates calculated to cover only the actual costs of copying or imaging, commensurate with the size and difficulty of the requested documents.

9. Any notes, dictation tapes, or media containing electronically stored information that are made as part of a review of the Confidential Materials and that contain information regarding the Confidential Materials shall include the endorsement “CONFIDENTIAL MATERIALS—DO NOT DISCLOSE” and shall be subject to the same provisions as copies or images of the Confidential Materials.

10. Confidential Materials may be disclosed without further Court approval only to the following: (1) the Court or any settlement judge or mediator appointed, designated, or selected to work with the parties in this case; (2) the attorney(s) of record in this case, as well as the attorney(s), paralegal(s), and support staff in his/her/their office(s) who are involved or may be necessary in the ordinary course to representing parties herein; and (3) Plaintiff’s designees in this case. The attorney(s) of record in this case; the attorney(s), paralegal(s), and support staff in the office(s) of the attorney(s) of record; and Plaintiff’s designees may have access to the Confidential Materials, provided, however, that, before receiving access to the Confidential Materials, each person receiving such access shall execute an “Affidavit of Confidentiality,” in the form attached hereto as Exhibit 1, and provide the Affidavit to Plaintiff’s attorney(s) of record. (No Affidavit of Confidentiality needs to be executed by support staffers who simply handle or file the Confidential Materials but do not review their contents.) The executed Affidavits of Confidentiality shall be maintained by Plaintiff’s attorney(s) of record.

11. Confidential Materials shall be filed under seal by the Clerk of Court in the event that such materials are filed into the court record as evidence or exhibits or for any other purpose. The parties herein shall not file with the Court at any time any pretrial motion, brief, pleading, or other filing in this case, quoting, or paraphrasing Confidential Materials or containing information obtained from Confidential Materials, unless the confidential portion of any such motion, brief, pleading, or other filing is filed under seal with the Clerk of the Court. Materials or pleadings filed under seal shall be filed in accordance with General Order No. 42A of the Court of Federal Claims and other applicable court rules, policies, and Orders.

12. If confidential records are used as exhibits at a deposition, the parties shall, upon receipt of the transcript of the deposition, designate any pages thereof quoting from or paraphrasing the confidential records, and those pages shall be stamped CONFIDENTIAL and shall themselves be deemed to be confidential records for purposes of this Order.

13. It shall be the responsibility of Plaintiff’s attorney(s) of record herein, as well as the attorney(s) working with Plaintiff’s attorney(s) of record on this case, and of any other person possessing Confidential Materials, to employ reasonable measures, consistent with this

Order to control duplication of, access to, and distribution of the Confidential Materials.

14. All Confidential Materials, copies or images thereof, or extracts that constitute Confidential Materials under this Order shall be returned to counsel for Defendant or be destroyed, immediately upon the termination of this litigation (including the resolution of any applicable appeals) or the termination of any related administrative proceedings, if any, before the Interior Department, whichever occurs later. At that time, all individuals who have executed an Affidavit of Confidentiality pursuant to Paragraph 10 of this Order who still have access to such Confidential Materials shall certify in writing that all such Confidential Materials, copies or images thereof, or extracts that constitute Confidential Materials have been returned or destroyed. Plaintiff's attorney(s) of record shall maintain these certifications and shall provide a copy thereof to Defendant's counsel upon request.

15. If Plaintiff disputes Defendant's assertion and designation that a document, data, or information is/are subject to confidentiality protection under federal law or regulations, Plaintiff shall notify Defendant in writing and state therein the grounds for disputing Defendant's assertion and designation of confidentiality. Within 30 days of Defendant's receipt of such written notification (or a longer period of time, if the parties so agree), the parties herein shall discuss and attempt to resolve the dispute. If the parties do not resolve the dispute within 30 days or an extension thereof, Plaintiff may file a motion to seek a ruling from the Court regarding Defendant's assertion and designation regarding confidentiality.

16. Until further order of this Court, this Order shall remain in full force and effect after the dismissal of the case and regardless of whether the parties reach settlement.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge



Defendant Exhibit 3