IN THE UNITED STATES COURT OF FEDERAL CLAIMS

KAW NATION OF OKLAHOMA, )
)
Plaintiff, )
)
v. ) No. 06-cv-00934 L
) Judge Francis M. Allegra
THE UNITED STATES OF AMERICA, )
)
)
Defendant. )
)

**DEFENDANT'S OPPOSED MOTION AND SUPPORTING**
**<u>MEMORANDUM TO MODIFY DOCUMENT PRESERVATION ORDER</u>**

On October 24, 2007, the Court issued a document preservation order ("Order" or "RRO") in this case after receiving separate proposals from the parties. Docket (Dkt.) #22. The Order appears to be patterned after the document preservation order that this Court entered in <u>Navajo Nation v. United States</u>, No. 06-cv-00945 L. Dkt. #33. Upon review by its counsel after the issuance of the Order, Defendant determined that there are several provisions in the Order that warrant this request for modification: specifically, paragraphs 2(a), 2(b)(iii), 2(e), and 2(f).

Based on Defendant's identification of the RRO provisions that require modification, Defendant's counsel undertook to contract Plaintiff's counsel and confer about the possibility of submitting to the Court a joint motion for modification of the relevant RRO provisions. The parties' counsel determined, after their discussions, however, that they contemplated different approaches to modify the RRO. The parties unsuccessfully attempted several times to reconcile their respective approaches.

On November 30, 2007, counsel for the Plaintiff, Kennis Bellmard, informed undersigned Defendant's counsel that Plaintiff intended to submit its own proposed RRO modifications to the Court. Undersigned Defendant's counsel advised Plaintiff's counsel that

Plaintiff could represent to the Court that the parties had conferred but could not agree on modifications that should be proposed , except for one provision. On December 5, 2007, after waiting and not seeing any submissions by Plaintiff, Defendant's counsel contacted Plaintiff's counsel by e-mail and called his attention to paragraph 6(a) of the Order, which states that "[i]f, after counsel confer, unresolved issues remain concerning matters arising under this order . . . the parties shall file with the court a statement of the unresolved issues together with each party's proposal for their resolution." As of this filing, Defendant's counsel has not received a response or otherwise heard anything further from Plaintiff's counsel about Plaintiff's plans, timing, and submission of its proposed modifications to the RRO. Therefore, Defendant is making this opposed motion for modification of certain provisions of the RRO.

In Defendant's view there are certain differences between the facts and circumstances that underlie the RRO in this case and the RRO in Navajo Nation, which militate in favor of amending relevant provisions of the RRO in this case. Specifically, the Order herein includes provisions that appear to relate specifically to the circumstances of the Navajo Nation case and that do not apply to the factual and legal issues and claims in this case. Defendant submits herein its own proposed modifications[1/] and respectfully moves the Court to modify the order as follows:

---

[1/] For each proposed change, we have used a strike-out for that portion of the current order which we propose to delete and underscored that language which we propose be used to replace or add to the current order.

1. Paragraph 2(a)

A. Presently States

Defendant shall ~~move~~ Relevant Records that, as of the date of this order, are inactive as defined by the Department of Interior (Interior) Manual Part 303, Chapter 6, ~~wherever located, to the Gallup BIA Warehouse in Gamerco, New Mexico~~, or such other location as may be agreed upon by the parties, at which location such records shall be made available to plaintiff for purposes of inspection. At least 10 calendar days before movement of the records from their present locations to ~~Gamerco (or as otherwise agreed)~~, defendant will provide plaintiff with an intermediate move plan or plans, which shall include: an implementation schedule; a description or inventory of the records being moved; the method of transportation; the chain of custody; and the signature of the official responsible for the move. The move process may be monitored by plaintiff or its representative.

B. Proposed modification

Defendant shall maintain Relevant Records that, as of the date of this order, are inactive as defined by the Department of Interior (Interior) Manual Part 303, Chapter 6, are presently located at the Southern Plains Regional Office (BIA), Anadarko, Oklahoma, and Pawnee Agency Office (BIA), Pawnee, Oklahoma,[2/] or such other location as may be agreed upon by the parties, at which location(s) such records shall be made available to plaintiff for purposes of inspection. At least 10 calendar days before movement of the records from their present locations to such other location as may be agreed upon by the parties, defendant will provide plaintiff with an intermediate move plan or plans, which shall include: an implementation schedule; a description or inventory of the records being moved; the method of transportation; the chain of custody; and the signature of the official responsible for the move. The move process may be monitored by plaintiff or its representative.

C. Comment

We address two concerns with this provision. First, the present language

---

[2/] We have been informed that the Pawnee Agency Office maintains documents for the Kaw Nation Tribe at the field or agency level for the Bureau of Indian Affairs.

referring to "Gamerco" and the "Gallup BIA Warehouse in Gamerco, New Mexico" mirrors the identical language set forth in the Navajo Nation RRO. Respectfully, the language appears to have been included inadvertently in this RRO without a change to reflect the relevant location(s) for the Kaw Nation Tribe. Second, the current language which directs movement of Relevant Records "wherever located" when coupled with the absence of qualifying language in paragraph 2(f)[3] (such as contained in paragraph 2(f)(1) of the Navajo Nation RRO) results in the literal requirement that other offices, e.g., the Department of the Treasury and the National Archives and Records Administration, transport the records they possess to (presumably) Oklahoma. We respectfully do not believe this was the intent of the RRO nor has any showing been made to warrant the imposition of such a burden.

2. Paragraph 2(b)(iii)

A. Presently States

> Within 63 days after the date on which plaintiff designates the boxes it wishes to inspect, defendant will begin to make available, on a rolling basis, the boxes from such office(s) for plaintiff's inspection at the ~~BIA warehouse in Gamerco~~.

B. Proposed modification

> Within 63 days after the date on which plaintiff designates the boxes it wishes to inspect, defendant will begin to make available, on a rolling basis, the boxes from such office(s) for plaintiff's inspection at the Southern Plains Regional Office (BIA), Anadarko, Oklahoma, and Pawnee Agency Office (BIA), Pawnee, Oklahoma.

---

[3] Our proposed modification below addresses paragraph 2(f) in a manner consistent with the approach struck by the Navajo Nation RRO at paragraph 2(f)(1).

C. Comment

The proposed change identifies locations that correspond to the Plaintiff vice the Navajo Nation Tribe.

3. First sentence of Paragraph 2(e)

A. Presently States

> Within such schedule as agreed to by the parties, defendant shall input into Interior's Box Inventory Search System (BISS) data identifying the boxes, files, and documents containing all Relevant Records located as of the date of this order at the AIRR; provide plaintiff access to the BISS database at the ~~Albuquerque~~ office of the plaintiff's counsel and the AIRR; and make those records available for plaintiff's inspection at the AIRR.

B. Proposed modification

> Within such schedule as agreed to by the parties, defendant shall input into Interior's Box Inventory Search System (BISS) data identifying the boxes, files, and documents containing all Relevant Records located as of the date of this order at the AIRR; provide plaintiff access to the BISS database at the Oklahoma City, Oklahoma, office of the plaintiff's counsel and the AIRR; and make those records available for plaintiff's inspection at the AIRR.

C. Comment

Before we filed this motion, the parties had agreed upon this proposed change.

4. Paragraph 2(f)

A. Presently States

> The parties shall meet and confer to discuss schedules and procedures to be used for defendant to make available to plaintiff, for purposes of inspecting active or inactive Relevant Records (determined as of the date of this order), as follows:

B. Proposed modification

> The parties shall meet and confer to discuss schedules and

procedures to be used for defendant to make available to plaintiff, for purposes of inspecting active or inactive Relevant Records (determined as of the date of this order) all of defendant's departments, agencies, offices, employees, agents, and contractors at offices other than those identified in paragraph 2(a) above, as follows:

C. Comment

By adding the suggested language (comparable to the substance of the language set forth in paragraph 2(f)(1) in the Navajo Nation RRO), this proposed changes brings into line the Defendant's obligations in a manner that is both logical with the structure of the order as a whole and consistent with that employed in the Navajo Nation RRO.

Dated: December 17, 2007

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

*s/ Terry M. Petrie*
TERRY M. PETRIE
United States Department of Justice
Environment & Natural Resources Division
1961 Stout Street, 8th Floor
Denver, CO 80294
Tel: (303) 844-1369
Fax: (303) 844-1350
Terry.Petrie@usdoj.gov

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021
Anthony.Hoang@usdoj.gov

SHANI N. WALKER
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA E. DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **DEFENDANT'S OPPOSED MOTION AND SUPPORTING MEMORANDUM TO MODIFY DOCUMENT PRESERVATION ORDER** was served on December 17, 2007, by Electronic Case Filing, on the following counsel:

Kennis Monte Bellmard, II
Andrews Davis, P.C.
100 North Broadway
Suite 3300
Oklahoma City, OK 73012

*Counsel for Plaintiff*

*s/ Terry M. Petrie*
TERRY M. PETRIE