# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **KAW NATION, OKLAHOMA** ) | **Case No. 06-cv-00934-FMA** |
| Plaintiff ) | |
| v. ) | **DECLARATION OF RICHARD P. FIELITZ, JR.** |
| **UNITED STATES OF AMERICA** ) | |
| Defendant ) | |

I, Richard P. Fielitz, Jr., pursuant to 28 U.S.C. § 1746, do hereby declare and state:

1. I am the Chief of Staff for the Office of the Special Trustee for American Indians ("OST") in the Department of the Interior. I have held this position since October 28, 2007, and I have been employed by OST since May 2004. My duties include oversight responsibilities for various OST functions, including litigation support. As explained in more detail below, I am also the Records Retention Orders (RRO) Compliance Coordinator for OST.

2. In March 2007, OST received a Memorandum dated March 12, 2007, signed by Larry Jensen, Deputy Solicitor, which was addressed to all Interior offices and bureaus. It directed those offices and bureaus to, among other things, preserve information potentially relevant to *any* tribal trust litigation, including but not limited to this case. The Memorandum identified common issues in tribal trust cases and directed the continued preservation of electronic and paper records potentially relevant to these cases, including the Kaw Nation litigation. A copy of the Jensen Memorandum then was circulated to Records Liaisons for OST, including its Office of Trust Records ("OTR"). Margaret Treadway, my predecessor as Chief of Staff, sent an email to OST

Senior Managers directing them to ensure each employee read the Memorandum. On April 4, 2007, OTR certified to the Office of the Chief Information Officer that all OTR employees had read the Memorandum. The Memorandum also was placed on OST's internal Trust Portal for ready access by OST employees. The Jensen Memorandum was discussed again in a regularly scheduled Senior Managers Meeting on December 4, 2007, and copies of the Memorandum were again handed out and compliance issues were discussed.

3. The Jensen Memorandum further reiterated Interior's preexisting policy requiring the indefinite retention of all categories of Indian fiduciary trust records, regardless of the existence of any pending litigation. That policy is detailed in the record retention schedules contained in 16 Bureau of Indian Affairs (BIA) Manual, expressly applicable to records maintained by BIA and OST. The Indian Affairs Records Management Manual specifically states that BIA and OST records retention policy for all records is permanent for all records, including any identified as temporary. In other words, no records may be destroyed. OST further supports and carries out Interior's records retention policy by, among other measures, extensive records training for Interior employees that is conducted by OTR and by the policy of shipping all inactive records from various Interior facilities to the American Indian Records Repository ("AIRR"), an archival-quality facility, when the period for these records to be retained onsite has expired. For further information about the AIRR, see Attachment 1 hereto (Declaration of Ethel Abeita).

4. OST first received a copy of the Kaw Nation RRO, along with an explanatory memorandum, from Shani N. Walker of the Office of the Solicitor, by fax on October 25, 2007. OST has begun drafting an internal, OST-wide policy on records retention orders and on compliance with such orders, and is drafting a Microsoft Project plan for further compliance

measures to be taken throughout OST (including but not limited to the Office of Trust Records). OST expects to coordinate with the Solicitor's Office as it works to finalize and implement such additional compliance measures.

5. On or about November 29, 2007, OST received a copy of a November 20, 2007, Memorandum from Paul Smyth, Counselor to the Solicitor, addressed to the Office of the Secretary and the heads of the various offices and bureaus within Interior. See Attachment 2 (November 20 Memorandum). As directed by that November 20 Memorandum, and as stated in paragraph 1 above, I have been assigned to be the RRO Compliance Coordinator for OST.

6. On December 6, 2007, I participated in a teleconference the Solicitor's Office held with all of the designated RRO Compliance Coordinators for various Interior offices and bureaus, as part of the process of developing additional measures to ensure Interior's compliance with all of the Court of Federal Claims RROs. Written guidance to memorialize those additional measures was issued by the Solicitor's Office on December 7, 2007, which I received. As designated RRO Compliance Coordinator for OST, I understand that upon receipt of that guidance I will then be responsible to ensure that those measures are implemented throughout OST.

RICHARD P. FIELITZ, JR.

Executed this 14th day of December, 2007.