# Tab A

# NARA NOTICE

2008-072

Date: DEC 2 0 2007
To: Office Heads, Staff Directors, ISOO, NHPRC, OIG
Subject: Update on Holds on NARA Operational Records Relevant to "Tribal Trust" Lawsuits

---

This notice is to inform you that records preservation orders have been issued by the U.S. Court of Federal Claims in two cases captioned *The Kaw Nation of Oklahoma v. U S.*, and *Quechan Tribe of The Fort Yuma Indian Reservation,* respectively. For a copy of the orders in these cases, please go to the Tribal Trust Cases page on NARA@work, and click on the name of the case in the Case Listing.

All NARA staff are therefore reminded to preserve relevant records and information for these and all other cases across the board, for all tribes currently pursuing tribal trust claims, regardless of whether a specific records retention order has been issued. A list of all such known tribal trust cases may be found on the Tribal Trust Cases page on NARA@work. This page also contains detailed instructions on how staff members should preserve such relevant records.

Questions regarding this continuing obligation may be directed to Assistant General Counsel Jean Whyte, in NARA's Office of General Counsel, who can be reached by telephone at 301-837-2926.

Regarding Department of the Interior (DoI) records in NARA's custody, contact:
- o NW staff - Sharon Thibodeau at 301-837-3047.
- o NR staff - Greg Pomicter at 301-837-2063 or David Weinberg at 301-837-3115.

Thank you for your compliance with these Court orders.

Martha Morphy

MARTHA MORPHY
Assistant Archivist for Information Services

---

**For questions on this notice contact:**

Richard Marcus, NHR
richard.marcus@nara.gov
Room 2350, AII
Phone: 301-837-1942
Fax: 301-837-0871

# Tab B

## Tribal Trust Cases

In 2004 and again in 2005, records hold notices were issued alerting NARA staff to their obligations to preserve relevant operational records with respect to two tribal trust lawsuits: Jicarilla Apache Nation and Pueblo of Laguna. Recently, additional lawsuits involving other named tribes have been filed that also require the issuance of records retention orders.

There are at present over 100 tribal trust lawsuits filed in various courts which may result in additional retention orders being issued over the coming months and for the foreseeable future Because of this possibility, a blanket notice (NARA Notice 2008-046) has been issued that informs all staff members of their duty to preserve relevant records for all tribal trust cases. It also provides specific instructions as to how to preserve these records.

Below is a list of all current tribal trust lawsuits Those suits where an order has already been issued requiring records retention have hyperlinks to the specific records retention order issued by the court. As additional records retention orders are issued or additional lawsuits are filed, NARA notices will be issued to that effect and the list below will be updated.

Questions regarding this continuing obligation may be directed to Assistant General Counsel Jean Whyte, in NARA's Office of General Counsel, who can be reached by telephone at (301) 837-2926

---

### Case Listing

### (December 5, 2007 version)

A - G | H - M | N - S | T - Z

| |
|---|
| Alabama-Quassarte Tribal Town v Kempthorne |
| Ak-Chin Indian Community v United States |
| Assiniboine and Sioux Tribes of the Fort Peck Indian Reservation v. Kempthorne |
| [Eastern] Shoshone Indian Tribe of the Wind River Reservation, Wyoming v. United States / [Northern] Arapahoe Indian Tribe of the Wind River Reservation, Wyoming v. United States |
| Blackfeet Tribe of the Blackfeet Indian Reservation v. United States |
| Cheyenne River Sioux Tribe v United States |
| The Chickasaw Nation and The Choctaw Nation v Department of the Interior |
| Chippewa Cree Tribe of the Rocky Boy's Reservation, Little Shell Tribe of Chippewa Indians; Turtle Mountain Band of Chippewa Indians; White Earth Band of Chippewa Indians v. United States |
| Coeur d'Alene Tribe v United States |

Tab B

| |
|---|
| Colorado River Indian Tribes v. United States |
| Confederated Tribes of the Colville Reservation v Kempthorne |
| Confederated Tribes of the Goshute Reservation v. United States |
| Confederated Tribes of the Warm Springs Reservation of Oregon v. United States |
| Crow Creek Sioux Tribe v. United States |
| Delaware Tribe of Indians and the Delaware Trust Board v United States |
| Eastern Shawnee Tribe of Oklahoma v. United States |
| Eastern Shoshone Tribe v. United States, Northern Arapaho Tribe v. United States |
| [Eastern] Shoshone Indian Tribe of the Wind River Reservation, Wyoming v. United States / [Northern] Arapahoe Indian Tribe of the Wind River Reservation, Wyoming v. United States |
| Gila River Indian Community v. Kempthorne |
| Gros Ventre Tribe and Assiniboine Tribe v United States |
| Haudenosaunee v. United States |
| Haudenosaunee, Onondaga Nation v Kempthorne |
| Hoopa Valley Tribe v United States |
| Hopi Tribe v. United States |
| Iowa Tribe of Kansas and Nebraska v Kempthorne |
| Iowa Tribe of Kansas and Nebraska v. United States |
| Jicarilla Apache Nation v. United States |
| Kaw Nation of Oklahoma v. United States |
| Kaw Nation v. Kempthorne |
| Lower Brule Sioux Tribe v. United States |
| Makah Indian Tribe of the Makah Indian Reservation v United States |
| Miami Tribe of Oklahoma v Kempthorne |
| Miami Tribe of Oklahoma v. United States |
| Muscogee (Creek) Nation of Oklahoma v United States |
| Navajo Nation v United States |
| Nez Perce Tribe v United States |
| Nez Perce Tribe, Mescalero Apache Tribe, Tule River Indian Tribe, Hualapai Tribe, Yakama Nation, Klamath Tribes, Yurok Tribes, Cheyenne-Arapaho Tribe, Pawnee Nation of Oklahoma, Sac and Fox Nation, and Santee Sioux Tribe of Nebraska v. Kempthorne |
| |

Tab B

| |
|---|
| Northern Cheyenne Tribe of Indians v Kempthorne |
| Northwestern Band of Shoshone Indians v United States |
| Oglala Sioux Tribe v Kempthorne |
| Oglala Sioux Tribe v. United States |
| Omaha Tribe of Nebraska v. United States |
| Osage Nation of Oklahoma v United States |
| Otoe-Missouria Tribe of Indians of Oklahoma v United States |
| Otoe-Missouria Tribe of Oklahoma v. Kempthorne |
| Paiute-Shoshone Indians of the Bishop Community of the Bishop Colony, California, v United States |
| Passamaquoddy Tribe v United States |
| Passamaquoddy Tribe of Maine v Kempthorne |
| Pawnee Nation of Oklahoma v. United States |
| Pechanga Band of Luiseno Mission Indians v Kempthorne |
| Ponca Tribe of Indians of Oklahoma v Kempthorne |
| Prairie Band of Potawatomi Indians v. United States |
| Pueblo of Laguna v. United States |
| Pueblo of Santa Ana v. United States |
| Quechan Tribe of the Fort Yuma Indian Reservation v. United States |
| Red Cliff Band of Lake Superior Chippewa Indians v. United States |
| Red Cliff Band of Lake Superior Indians v Kempthorne |
| Rosebud Sioux Tribe v. Kempthorne |
| Rosebud Sioux Tribe v. United States |
| Round Valley Indian Tribes v United States |
| Salt River Pima-Maricopa Indian Community v. Kempthorne |
| Salt River-Pima-Maricopa Tribes v. United States |
| San Manuel Band of Serrano Missions Indians v United States |
| Seminole Nation of Oklahoma v Kempthorne |
| Seminole Nation of Oklahoma v. United States |
| Shoshone-Bannock Tribes of the Fort Hall Reservation v Kempthorne |
| Soboba Band of Luiseno Indians v. United States |

Tab B

| |
|---|
| Sokaogon Chippewa Community v Kempthorne |
| Sokaogon Chippewa Community (aka Mole Lake Band of Lake Superior Chippewa Indians) v. United States |
| Standing Rock Sioux Tribe v. Kempthorne |
| Stillaguamish Tribe of Indians v. Kempthorne |
| Stillaguamish Tribe of Indians v United States |
| Swinomish Indian Tribal Community v United States |
| Te-Moak Tribe of Western Shoshone Indians v Kempthorne |
| Three Affiliated Tribes of the Fort Berthold Reservation v. Kempthorne |
| Three Affiliated Tribes of the Fort Berthold Indian Reservation v. United States |
| Tohono O'Odham Nation v. Kempthorne |
| Tohono O'odham Nation v United States |
| Tonkawa Tribe of Indians of Oklahoma v United States |
| Tonkawa Tribe of Indians v Kempthorne |
| United Keetoowah Band of Cherokee Indians in Oklahoma v United States |
| United Keetoowah Band of Cherokee Indians in Oklahoma v United States |
| Ute Indian Tribe of the Uintah and Ouray Reservation v United States |
| Winnebago Tribe of Nebraska v Kempthorne |
| Winnebago Tribe of Nebraska v. United States |
| Wyandot Nation of Kansas v Kempthorne |
| Wyandot Nation of Kansas v United States |
| Yankton Sioux Tribe v Kempthorne |
| Yankton Sioux Tribe v United States |
| Yomba Shoshone Tribe v. United States |

Page URL: http //www nara-at-work gov/archives_and_records_mgmt/records_mgmt_at_nara/tribal-trust-cases/index.html?defaultLocation=32

The U S. National Archives and Records Administration
8601 Adelphi Road, College Park, MD 20740-6001 • Telephone 1-86-NARA-NARA or 1-866-272-6272

Tab B

# Tab C

NARA@work

Thursday, December 20, 2007
www.nara-at-work.gov

# NARA NOTICE

2008-046

Date: December 3, 2007
To: Office Heads, Staff Directors, ISOO, NHPRC, OIG
Subject: Holds on NARA Operational Records Relevant to "Tribal Trust" Lawsuits

In accordance with Interim Guidance 825-1, this notice is to inform NARA staff of their obligations to preserve documents and electronic data (including traditional documents as well as e-mail and voice mail messages) in connection with ongoing "tribal trust" lawsuits in numerous forums throughout the United States. Please ensure that this notice is forwarded to all employees who may be affected

In 2004 and again in 2005, we alerted staff to similar obligations to lawsuits with respect to two Indian tribes: Jicarilla Apache Nation and Pueblo of Laguna Recently, additional lawsuits involving other named tribes have been filed, requiring additional records retention orders calling for NARA staff to take similar preservation measures to retain all relevant documents This notice follows up on prior notices given to appropriate officials and staff by the Office of General Counsel (NGC) in connection with particular lawsuits

Because there are at present over 100 tribal trust lawsuits filed in various courts, we anticipate that there may be additional retention orders entered over the coming months and for the foreseeable future. In light of what can be reasonably anticipated in terms of NAR's overall preservation obligations, we believe the most prudent course of action at this time is to issue this blanket notice, placing staff on notice of each person's duty to preserve relevant records and information across the board for all tribes currently pursuing tribal trust claims. A list of all such known tribal trust cases is attached. We will also soon provide a continuing link to this notice on NARA@Work with updates as needed.

To be covered by this hold notice, documents or electronic data must contain a reference to, or otherwise in some way be relevant to, the issues and/or allegations involved in one or more tribal trust lawsuits "Tribal trust lawsuits" involve one or more of the following issues and/or allegations.

1 Alleged breaches by the United States or a governmental component thereof (including an agency) of the government's trust responsibilities for Native American tribes or nations created by treaties, statutes and regulations,
2. Mismanagement of Native American trust assets, including funds and non-monetary assets,
3. Failure by the United States in its exercise of comprehensive supervision, control, and management over the Nation's trust funds and revenue-producing assets This includes failure to enforce lease terms, including undercollection of amounts lawfully owed;
4. Failure by the United States to provide a comprehensive accounting of all categories of trust assets; and
5. Failure by the United States to implement effective agency control and audit procedures, to perform a reconciliation of accounts, and to engage in regular reporting of transactions and account balances

These Orders require that NARA staff must take reasonable steps to preserve every document, all data or tangible thing in its possession, custody or control, containing the above categories of information, or that

Tab C

may reasonably lead to the discovery of information in the above categories of information. Therefore, effective the date of this notice, staff should follow these instructions to comply with the hold order

**Actions to Take**

*For documents created by NARA in paper format stored in office space*
Photocopy records and note the file number and series title from which they came. Accumulate such copies and forward them monthly to NARA's Records Officer (NHR), indicating the name and mailcode of your unit.

*For documents created by NARA in paper format stored in a Federal Records Center*
Make note of the transfer number and box number(s) in which the relevant records are located and forward that information along with your unit's name and mailcode to NHR.

*For documents created by NARA in electronic format (word processing, email)*
Forward word processing documents or email messages as attachments to an email sent to tribal@nara.gov. Include in the parent email the name and mailcode of your unit.

*For voicemail*
Forward voicemail messages to the special "Tribal Trust Litigation" voice mailbox, following these instructions:

1. Listen to the message.
2. Press "#" to respond
3. Press "9" to forward.
4. Record a comment if you wish, and then press "*" and "#."
5. Enter the Tribal Trust Litigation telephone number (7-1000) and then press "#" four times.
6. Press "4" to save the message, then press "#."

The Justice Department specifically has asked that I remind all NARA staff that failure to comply with these orders may lead to the imposition of sanctions The obligation to preserve relevant documents to these cases will continue until further notice. Periodic reminder and update notices will be issued to fulfill our obligations in compliance with existing court orders.

Questions regarding this continuing obligation may be directed to Assistant General Counsel Jean Whyte, in NARA's Office of General Counsel, who can be reached by telephone at 301-837-2926.

Regarding Department of the Interior (DoI) records in NARA's custody, contact.

- NW staff - Sharon Thibodeau at 301-837-3047
- NR staff - Greg Pomicter at 301-837-2063 or David Weinberg at 301-837-3115.

Thank you for your compliance with these Court orders.

MARTHA MORPHY
Assistant Archivist for Information Services

Attachment A
Attachment B
Attachment C
Attachment D

Tab C

Attachment E

**For questions on this notice contact:**

Richard Marcus, NHR
richard.marcus@nara.gov
Room 2350 AII
Phone: 301-837-1942
Fax: 301-837-0871

Page URL. http://www.nara-at-work.gov/nara_policies_and_guidance/notices/fy2008/2008_046.html?defaultLocation=32

The U.S. National Archives and Records Administration
8601 Adelphi Road, College Park, MD 20740-6001 • Telephone: 1-86-NARA-NARA or 1-866-272-6272

Tab C