IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KAW NATION OF OKLAHOMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-cv-00934 L |
| | ) | Judge Francis M. Allegra |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**KAW NATION'S REPLY TO DEFENDANT'S RESPONSE TO KAW NATION'S MOTION TO CHANGE RECORD REVIEW SITE TO PAWNEE AGENCY OFFICE (BIA)**

Plaintiff Kaw Nation ("Nation"), a federally recognized Indian tribe, respectfully replies to Defendant's Response to the Nation's Motion to Change Record Review Site to Pawnee Agency Office (BIA), Docket (Dkt.) # 29, and requests the court grant the Nation's Motion to Change Record Review Site to Pawnee Agency Office (BIA). In support of its Reply, the Nation states the following:

1. On October 24, 2007, the Court entered a DPO based on the DPO from *Navajo Nation*.

2. On December 21, 2007, the Nation filed its Motion to Change Record Review Site to Pawnee Agency Office (BIA). Docket (Dkt.) # 24. In the Motion, the Nation notes the location designated for the record review site in the Document Preservation Order (DPO") was inadvertently left unchanged from the model order used as the basis for the Nation's DPO. Plaintiff negotiated with Defendant in good faith regarding the proposed modifications. The Parties were not, however, able to reach an agreement on the modifications to the DPO.

3. On January 18, 2008, the Defendant filed its Reply to the Kaw Nation Response to Defendant's Motion to Modify Document Preservation Order. Docket (Dkt.) # 29. In footnote one (1), the Defendant notes that the Reply also addresses the Nation's Motion to Change Record Review Site to Pawnee Agency Office (BIA).

4. The DPO as currently drafted does not contain redundant provisions as alleged by the Defendant. The DPO provides for the relocation of the *inactive* records in Paragraphs 2(a) and 2(b). The DPO then provides the process to make available any *active* records in Paragraph 2(f). The Defendant's attempt to distinguish *active* from *inactive* records seems to be a subterfuge designed to make it more difficult for the Nation to gain access to *relevant* books and records for the purpose of review and inspection. Nevertheless, the Nation agrees that the introductory language to Paragraph 2(f) may need to be revised to clarify that Paragraph 2(f) applies only to active records. The Paragraph would be modified as follows:

> The parties shall meet and confer to discuss schedules and procedures to be used for defendant to make available to plaintiff, for purposes of inspecting active ~~or inactive~~ Relevant Records (determined as of the date of this order), as follows:

5. Defendant also alleges it would impose "an extreme undue burden upon Defendant" to relocate the Nation's records to Pawnee, Oklahoma. Defendant is the trustee of the tribal trust funds which belong to the Nation. *United States v. Mitchell*, 463 U.S. 206, 255 (1983); *Cobell v. Norton*, 240 F.3d 1081(D.C. Cir. 2001). In fulfilling the obligations as trustee, the Defendant has the responsibility to maintain adequate records with respect to Trust Property and to provide regular and accurate accountings to the trust beneficiaries. *See* 25 U.S.C. § 2; *United States v. Mitchell*, 463 U.S. 206, 255 (1983); *Cobell*, 240 F.3d 1081. As trustee, Defendant maintains control over all the books and records of accounts affecting the Nation's tribal trust

funds and tribal trust property. As beneficiary of the tribal trust funds and tribal trust property, the Nation is entitled to reasonable access to view, inspect and receive copies of any and all documents related to the Nation's tribal trust funds and tribal trust property.

6. Defendant expounds upon the undue burden by explaining the adverse impact considering the large amount of hours involved to identify the documents. Defendant is trustee of the books and records pertaining to the tribal trust funds and tribal trust property and therefore, already should have the documents properly identified. Defendant's seeming inability to maintain the books and records contributed to the filing of this litigation.

7. In Defendant's numerous exhibits, Defendant provides the affidavits of individuals to support the burden the DPO places on the Defendant. The Exhibits do not accurately state the factual situation in all cases. For example, Exhibit 8 "Declaration of Julia Langan" states that the funds necessary to staff personnel and maintain the records have been provided to the Nation. The Nation may have maintained records for certain programs since 1996, the Nation, however, has few, if any, records in its possession for pre-1996. Such documents were not delivered to the Nation. Regardless, it is incumbent upon Defendant to provide all records in their possession notwithstanding whether the Nation may have duplicates.

8. Defendant also argues that the Pawnee Agency Office is not the logical site and that the BIA Office in Anadarko, Oklahoma would not constitute an undue burden. The standard for a change of review site is not "undue burden" as the Defendant insinuates. The purpose of the DPO is to provide the Nation and its attorneys access to the books and records pertaining to the Nation's tribal trust funds and tribal trust property – *i.e.*, relevant information.

9. Defendant states that Pawnee, Oklahoma is one hour from Oklahoma City, the location of the Nation's attorneys, and one hour from Kaw City, the Nation's headquarters. Defendant, however, goes on to state that the logical site would be the BIA Office in Anadarko which is three (3) hours and twenty (20) minutes from Kaw City and approximately one hour from Oklahoma City. While either location is not an inconvenience for the Nation's attorneys, Anadarko is an inconvenient location from the Nation. The books and records to be inspected belong to the Nation. The convenience factor should be determined from the viewpoint of the Nation and any tribal members who wish to inspect the documents pertaining to the Nation's tribal trust funds and tribal trust property. For the Nation, the Pawnee Agency Office is the logical site as designated by in the Nation's Motion to Change Record Review Site.

10. The burden is on the Defendant as trustee of the Nation's tribal trust funds and tribal trust property to identify, locate, transport and make available the records pertaining to such accounts as required in the DPO. The burden cannot be on the Nation as the Nation is not the responsible party for the books and records.

11. The Nation agreed to the DPO to ensure the discovery process progressed quickly and with as little disruption as possible. The intent was to ensure all records were maintained properly and provided to the Nation upon request during the pendency of this litigation as well as in general pursuant to the Defendant's obligations as trustee. Defendant should be required to comply with the DPO as it currently is issued.

12. While Defendant continues to quibble about proposed revisions, the Defendant fails to inform the Court that Defendant has been in violation of the DPO since late November 2007. According to the terms of the DPO in Paragraph 2(b), within thirty-five

(35) days after the entry of the DPO, Defendant was required to provide Plaintiff with any and all indices and inventories available and within twenty-one (21) days of the creation or discovery of additional inventories, but has failed to do so. This deadline expired on November 28, 2007. Pursuant to Paragraph 3(a) Defendant is further required to identify all respective repositories and facilities which have material reasonably anticipated to be subject to discovery by February 27, 2008. Paragraph 3(b) required indices and inventories for the information identified in Paragraph 3(a). The Court has not stayed these deadlines pending resolution of the record review site.

13. Under the DPO as current entered, all relevant information should have already been identified and located and indexes of these documents provided to the Nation. Had the Defendant complied with the DPO, the only action left to be taken will be the relocation of relevant records to Pawnee, Oklahoma.

Therefore, the Nation respectfully asks the Court to grant the Nation's Motion to Change Record Review Site to Pawnee Agency Office (BIA) and to amend the DPO only to designate the record review location as the Pawnee Agency Office (BIA) in Pawnee, Oklahoma.

Dated this 25th day of January, 2008.

Respectfully Submitted,

s/ Kennis M. Bellmard II
KENNIS M. BELLMARD II, OBA #13965
Andrews Davis, P.C.
100 North Broadway Avenue, Suite 3300
Oklahoma City, OK 73102
Telephone: (405) 272-9241
Fax: (405) 235-8786
Attorney of Record for Plaintiff
kmbellmard@andrewsdavis.com

OF COUNSEL:

TIMOTHY M. LARASON, OBA #5239
MICHAEL D. MCMAHAN, OBA #17317
SANDRA B. HARRISON, OBA #18647
JACQUELYN V. DUFFY, OBA #21630
Andrews Davis, P.C.
100 North Broadway Avenue, Suite 3300
Oklahoma City, OK 73102
Telephone: (405) 272-9241
Fax: (405) 235-8786
www.andrewsdavis.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **KAW NATION'S REPLY TO DEFENDANT'S RESPONSE TO KAW NATION'S MOTION TO CHANGE RECORD REVIEW SITE TO PAWNEE AGENCY OFFICE (BIA)** was served on January 25, 2008, by Electronic Case Filing, on the following counsel:

TERRY M. PETRIE
Attorney of Record
Environment & Natural Resources Division
United States Department of Justice
1961 Stout Street, 8th Floor
Denver, CO 80294
Tel: (303) 844-1369
Fax: (303) 844-1350
Terry.Petrie@usdoj.gov

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
United States Department of Justice
Environment & Natural Resources Division
PO Box 663
Washington, DC 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021
Anthony.Hoang@usdoj.gov

s/ Kennis M. Bellmard II
KENNIS M. BELLMARD II