IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KAW NATION OF OKLAHOMA,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 06-cv-00934 L<br>Judge Francis M. Allegra |

**DEFENDANT'S UNOPPOSED**
**MOTION FOR LEAVE TO FILE A SUR-REPLY**

Defendant respectfully moves for permission to file a sur-reply to Plaintiff's reply in support of its motion to modify the document preservation order ("DPO") in this case, entitled "Kaw Nation's Reply to Defendant's Response to Kaw Nation's Motion to Change Record Review Site to Pawnee Agency Office (BIA)" (hereinafter, "Kaw Nation Reply").

Plaintiff has raised a new factual matter in its reply, which Defendant disputes, and to which Defendant proposes to respond, so that the Court has the benefit of a full and complete record upon which to render its determination. Courts have recognized that parties in litigation need the opportunity to file a sur-reply in a disputed matter when the opposing party raises new matter in the last scheduled pleading. Geib v. James, No. 1:CV-04-1923, 2007 WL 2595423 at *9 n.3 (M.D. Pa. Aug. 31, 2007) (the "purpose of a sur-reply is to address any new issues or legal bases which are asserted for the first time in a reply brief and which [the opposing party] would not have had a prior opportunity to address"). See also AmeriSource Corp. V. United States, 75 Fed. Cl. 743, 746 (2007) (sur-reply permitted to allow response to new case authority and a revised argument); Impresa Construzioni Geom. Domenico Garufi v. United States, 73 Fed.Cl. 718, 720 (2007) (leave permitted to file sur-reply to respond to new arguments raised in reply); Zoltek Corp. v. United States, 71 Fed.Cl. 160, 163 (2006) (same); Pure Power!, Inc. v.

United States, 70 Fed.Cl. 739, 741 (2006) (court permitted opportunity for sur-reply to new material raised in declarations submitted in reply); Allison v. United States, 39 Fed.Cl. 471, 474 (1997) (same); and Tritek Technologies, Inc. v. United States, 63 Fed.Cl. 740, 743 (2005) (leave permitted to file sur-reply to address new arguments and alleged misrepresentation contained in opposing party's reply).

As explained in Defendant's proposed sur-reply, Plaintiff has levied a charge in its reply brief that Defendant has violated the DPO entered by the Court on October 24, 2007. See Kaw Nation Reply at paragraph 12. This charge constitutes a new factual issue not raised or addressed in any previous filings.[1/] All filings on the topic of the DPO before the Court have dealt specifically and solely with the parties' respective views on modifying the DPO. Neither party has raised nor addressed the matter of Defendant's compliance with the DPO. Because Plaintiff has raised a new issue in its reply brief and the issue is highly contested and disputed by Defendant, Defendant respectfully requests permission to file the attached sur-reply so as to provide information to the Court rebutting the allegation.[2/]

Counsel for the parties discussed this motion for leave and the underlying basis for it,

[1/] The seriatim briefing related here to the Court's Document Preservation Order (Dkt. #22) include "Defendant's Opposed Motion and Supporting Memorandum to Modify Document Preservation Order" (Dkt. #23); the "Kaw Nation's Motion to Change Record Review Site to Pawnee Agency Office (BIA)"(Dkt. #24); the "Kaw Nation's Response to Defendant's Motion to Modify Document Preservation Order" (Dkt. #27); "Defendant's Reply to the Kaw Nation's Response to Defendant's Motion to Modify Document Preservation Order" (Dkt. #29); and the "Kaw Nation's Reply to Defendant's Response to Kaw Nation's Motion to Change Record Review Site to Pawnee Agency Office (BIA)" (Dkt #31).

[2/] Defendant notes too that some courts admonish litigants who are confronted with new evidence in a reply brief but take no action to refute it by filing a motion for leave to file a sur-reply. See, e.g., Ben-Kotel v. Howard University., 319 F.3d 532, 536 (D.C. Cir. 2003) (commenting that Ben-Kotel had the opportunity to move for leave to file a sur-reply but did not in the proceedings before the trial court).

among other matters, at a settlement meeting in this case, as well as the other cases of other Tribes also represented by Plaintiff's counsel at the offices of Defendant's counsel on January 28, 2008. Plaintiff's counsel stated at that meeting that Plaintiff does not oppose this motion for leave.

Dated: January 30, 2008

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

*s/ Terry M. Petrie*
TERRY M. PETRIE
United States Department of Justice
Environment & Natural Resources Division
1961 Stout Street, 8th Floor
Denver, CO 80294
Tel: (303) 844-1369
Fax: (303) 844-1350
Terry.Petrie@usdoj.gov

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021
Anthony.Hoang@usdoj.gov

SHANI N. WALKER
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA E. DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **"DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO FILE A SUR-REPLY"** was served on January 30, 2008, by Electronic Case Filing, on the following counsel:

Kennis Monte Bellmard, II
Andrews Davis, P.C.
100 North Broadway
Suite 3300
Oklahoma City, OK 73012

*Counsel for Plaintiff*

*s/ Terry M. Petrie*
TERRY M. PETRIE