IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| KAW NATION OF OKLAHOMA,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No. 06-cv-00934 L<br>Judge Francis M. Allegra |

**DEFENDANT'S SUR-REPLY TO KAW NATION'S REPLY TO DEFENDANT'S RESPONSE TO KAW NATION'S MOTION TO CHANGE RECORD REVIEW SITE TO PAWNEE AGENCY OFFICE (BIA)**

Defendant respectfully files this sur-reply to the "Kaw Nation's Reply to Defendant's Response to Kaw Nation's Motion to Change Record Review Site to Pawnee Agency Office (BIA)" (hereinafter, "Kaw Nation Reply"). Paragraph 12 of the Kaw Nation Reply charges Defendant with violating paragraph 2(b) of the document preservation order ("DPO") entered by the Court on October 24, 2007. Paragraph 2(b)(i) of the DPO requires Defendant to provide all indices and inventories available for documents addressed in paragraph 2(a) to Plaintiff within thirty-five (35) days – or November 28, 2007 – after entry of the DPO. As discussed below, Plaintiff's claim that Defendant has violated the DPO is unfounded, unwarranted, and baseless.

Plaintiff's charge ignores a number of facts. First, Plaintiff does not mention that Defendant sent a letter dated November 28, 2007, to counsel for the Kaw Nation. This letter specifically calls attention to the paragraph 2(b) requirement, comments that a question between the parties had arisen about the DPO's requirements, and informs Plaintiff that Defendant was providing in the letter the information required for indices and inventories in keeping with Defendant's understanding of the DPO. Defendant's Exhibit 1. Second, Plaintiff recognizes that

the DPO is ambiguous. Kaw Nation Reply at paragraph 4. The mere fact that the DPO is ambiguous, and recognized as such by Plaintiff, underscores the reasonableness and good-faith effort by the Defendant to comply with the DPO in its November 28, 2007, letter. Third, Plaintiff recognized Defendant's view about the requirement for indices and inventories differed from the Kaw Nation's view and had no issue with Defendant providing other information later. See Defendant's Exhibit 2 (copy of email exchanges between counsel for the parties), email from Kennis Bellmard to Terry Petrie, dated November 29, 2007 at 1:30 p.m. This fact undercuts any implication of harm or detriment incurred by Plaintiff. Finally, by providing the indices and inventory information to Plaintiff on November 28, 2007, Defendant's conduct evidences compliance with the DPO consistent with a reasonable interpretation of an ambiguous DPO.

Dated: January 30, 2008

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

*s/ Terry M. Petrie*

TERRY M. PETRIE
United States Department of Justice
Environment & Natural Resources Division
1961 Stout Street, 8th Floor
Denver, CO 80294
Tel: (303) 844-1369
Fax: (303) 844-1350
Terry.Petrie@usdoj.gov

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021
Anthony.Hoang@usdoj.gov

SHANI N. WALKER
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA E. DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227