# DEFENDANT EXHIBIT 2

**Petrie, Terry (ENRD)**

**From:** Petrie, Terry (ENRD)
**Sent:** Thursday, November 29, 2007 1:43 PM
**To:** 'Bellmard, Kennis'; 'Duffy, Jacquelyn'
**Cc:** Hoang, Anthony (ENRD); 'Teresa.Dawson@fms.treas.gov'
**Subject:** RE: Kaw Nation/Tribal Trust/CFC/Joint Modification to Doc Preservation Order.DOC

I respectfully disagree. What you propose is not simply overkill nor does it create clarity. Instead, your proposed language for paragraph 2(a) introduces redundancy and superfluous language as well as different and inconsistent timelines for the handling of documents at the AIRR which is already specifically addressed and defined under paragraph 2(e). Further, for the reasons I described earlier, I see no need to address any documents located at the National Archives Southwest Region at paragraph 2(a) when 2(f) already addresses them, per se, though I certainly have no qualms if you want to identify them specifically by naming that location in paragraph 2(f).

If we can't agree -- which is okay -- then I suggest we simply modify the proposed joint motion to one that suggests we agree on the other proposed changes and then we each address the one provision (paragraph 2(a)) in which we disagree by offering up our respective rationales.

Let me know, please.

Thanks.

Terry

-----Original Message-----
From: Bellmard, Kennis [mailto:kbellmard@andrewsdavis.com]
Sent: Thursday, November 29, 2007 1:30 PM
To: Petrie, Terry (ENRD)
Cc: jvduffy@andrewsdavis.com
Subject: RE: Kaw Nation/Tribal Trust/CFC/Joint Modification to Doc Preservation Order.DOC

At the risk of committing overkill, since we seem to agree the locations are already taken care of, naming them will do nothing more than create clarity. Also if there is info that is affected by the 35 days i dont have any problem giving you more time the get that info to us.

-----Original Message-----
From: "Petrie, Terry (ENRD)" <Terry.Petrie@usdoj.gov>
To: "Bellmard, Kennis" <kbellmard@andrewsdavis.com>; "McMahan, Michael" <MDMcMahan@andrewsdavis.com>; "Harrison, Sandra" <SBHarrison@andrewsdavis.com>; "Duffy, Jacquelyn" <jvduffy@andrewsdavis.com>
Cc: "Hoang, Anthony (ENRD)" <Anthony.Hoang@usdoj.gov>; "Teresa.Dawson@fms.treas.gov" <Teresa.Dawson@fms.treas.gov>
Sent: 11/29/2007 2:06 PM
Subject: FW: Kaw Nation/Tribal Trust/CFC/Joint Modification to Doc Preservation Order.DOC

Jacquelyn, thank you for forwarding the change proposed by Andrews
Davis.

Ken, I don't think the proposed change is truly needed because the added locations are already taken care of under paragraph 2(f). Yet, if you think it necessary to call out specifically those two locations (the American Indian Records Repository [AIRR] and the National Archives Southwest Region), then I would respectfully suggest that the language of the existing order already accommodates and specifically does address documents located at the AIRR. And, for any documents located at the National Archives Southwest Region, then I would also suggest that the language of the proposed change better fits in paragraph 2(f) and not paragraph 2(a). Several reasons form the basis for my comment.

One reason comes from the calendar; that is, we are already past the point in time (35 days which comes out to be November 28) in which the indices and inventories for documents located in offices/places enumerated in paragraph 2(a) were to be provided. See paragraph 2(b)(1) of the RRO.

Further, as I mentioned above, the provisions of paragraph 2(e) already address specifically the procedures for documents located at the AIRR. Not adding any further language about the AIRR in paragraph 2(a) reduces potential overlap or confusion about the handling of those documents.

Finally, insofar as any documents located at the National Archives Southwest Region, the Kaw Nation does not incur any detriment by having those documents handled pursuant to paragraph 2(f) (in the same manner as all other documents located in "other" places/offices not previously addressed in the RRO). The procedures in paragraph 2(f) afford Kaw Nation the same processes (that is, documents are made available for inspection, provision is made for providing existing indices or inventories, the Kaw Nation is provided the opportunity to inspect and identify documents to be produced, and the same procedures for movement of records apply) for documents located in "other" locations as those found in paragraph 2(a) locations. Too, the scheme/structure of the Kaw Nation RRO patterns itself after the Navajo RRO which does identify specifically the "other" locations (which, for whatever reason, Judge Allegra apparently elected not to do in the Kaw Nation RRO) under the umbrella of paragraph 2(f). See paragraph 2(f)(1) of the Navajo RRO.

So, at bottom, I am not so much opposed to the idea of calling out or identifying the National Archives Southwest Region if you truly think it necessary but suggest that any specific mention better fits in the context of paragraph 2(f) for the reasons I mention above. And, again, paragraph 2(e) appears already to address procedures for documents at the AIRR.

Let me know what you think, please.

Thanks.

Terry

---

From: Duffy, Jacquelyn [mailto:jvduffy@andrewsdavis.com]
Sent: Thursday, November 29, 2007 10:29 AM
To: Hoang, Anthony (ENRD); Petrie, Terry (ENRD)
Cc: Bellmard, Kennis; McMahan, Michael; Harrison, Sandra
Subject: Kaw Nation/Tribal Trust/CFC/Joint Modification to Doc Preservation Order.DOC

Attached please find our proposed changes for the Document Preservation Order for Kaw Nation in the Court of Federal Claims.

Thank you,
Jacquelyn Duffy

Jacquelyn V. Duffy

Attorney & Counsellor at Law

ANDREWS DAVIS

A Professional Corporation

100 N. Broadway Ave., Suite 3300

Oklahoma City, OK 73102-8812

Direct :

Tel: 405/272-9241

Dir: 405/235-8789

Fax: 405/235-8786

e-mail: jvduffy@andrewsdavis.com

ANDREWS DAVIS is a member of Meritas Law Firms Worldwide. Visit Meritas at www.meritas.org <http://www.meritas.org/> .

NOTICE: CONFIDENTIAL AND PRIVILEGED COMMUNICATION: The information in this electronic mail, including any attachments, is sent by or on behalf

of an attorney and is intended to be confidential and for the use of the intended recipient only. The information contained in this transmission and any attached documents or previous emails may be protected by the attorney-client privilege, work product doctrine, or otherwise legally privileged. If the reader of this message is not the intended recipient, you are notified that retention, use, dissemination, distribution, or copying of this message or any attachments hereto is strictly prohibited. Interception of electronic mail is a crime pursuant to the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and 2107-2709. If you received this electronic mail in error, please notify us immediately by reply and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

TAX NOTICE: Any tax advice included in this message or attachments is not intended, and cannot be used, for the purpose of avoiding tax related penalties or promoting, marketing or recommending any tax related matter to another person.