# EXHIBIT 2

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KAW NATION, OKLAHOMA, Plaintiff, | ) | Case No. 06-cv-00934 |
| v. | ) | Judge Francis M. Allegra |
| UNITED STATES OF AMERICA, Defendant. | ) | DECLARATION OF RICHARD P. FIELITZ, JR. |

I, Richard P. Fielitz, Jr., based on my personal knowledge and information provided to me in my official capacity, do hereby declare and state:

1. I am the Chief of Staff for the Office of the Special Trustee for American Indians (OST) in the Department of Interior. OST is the parent organization for both the Office of External Affairs (OEA) and the Office of Trust Records (OTR). I have held this position since October 28, 2007, and I have worked at OST since May 2004. My duties include overseeing various OST functions including litigation support. OST maintains records related to the Kaw Nation of Oklahoma in the following locations: OST Albuquerque, New Mexico; OST (including OEA) and Office of Historical Trust Accounting in Washington, DC; American Indian Records Repository (AIRR) in Lenexa, Kansas; Office of Appraisal Services-Southern Plains Regions Lawton, OK and the Pawnee Agency for Bureau of Indian Affairs in Pawnee, OK.

2. I am aware that this Court issued a Document Preservation Order (DPO) that required Interior to provide notice to Plaintiff's counsel before moving inactive records related to the Kaw Nation of Oklahoma from these locations to the AIRR. After providing initial notice to OST employees, which includes both OEA and OTR, I and other senior management employees reiterated this requirement on several occasions that included monthly Senior Managers meetings. I issue quarterly reminders to all OST employees.

3. As Chief of Staff of OST, I am also familiar with the procedure for transferring records from their present locations to the AIRR. When records are to be retired to the AIRR, the OTR Director must first approve the move. OTR will receive a move request form, a Chain of Custody form and an inventory of the file folder labels in the boxes that the person is requesting to move. An OTR staff member then logs the request into an excel spreadsheet tracking system, checks the forms and the inventory

to ensure they are complete, and generates a routine memorandum to approve the request. If the documents listed on the inventory of the move request relate to any of tribes for which a Court has issued a document preservation or record retention order (DPO), that OTR staff member will generate a memorandum addressed to Office of the Solicitor (the SOL memorandum). The staff member attaches an OTR routing slip to that memorandum and then sends all documents received to an OTR Records Management Specialist (RMS). The RMS reviews the request to make sure it is complete, checks the inventory to ensure that the OTR staff member prepared the proper memorandum, and reviews the inventory to determine whether it contains any file labels describing documents relating to any tribes for which courts have issued a DPO. The specialist surnames and sends the package to Andrew Abeyta, Division Chief, Division of Records, Policy, Procedures and Training. Once Mr. Abeyta has surnamed the package, he forwards the package to Ethel Abeita, the OTR Director. Ms. Abeita reviews the Move Request form, the Chain of Custody form, the inventory, and the various memoranda in order to determine whether she will approve the move request. If she approves, she signs the Move Request Form and forwards the form and supporting attachments to administrative staff for forwarding to the office requesting to move inactive records.

4. On or about July 28, 2008, Hugh Frazier, the Acting Director of OEA, notified me that he believed boxes included in a May 8, 2008 shipment may have included inactive records related to the Kaw Nation of Oklahoma. He indicated that this deeply concerned him because this Court's DPO required Interior to provide notice to Plaintiff's counsel before it moved records related to the Kaw Nation of Oklahoma from their current location to the AIRR. It deeply concerned me, also, so I took immediate steps to notify the appropriate individuals within Interior. On or about July 29th, Mr. Frazier emailed me to confirm that at least one of the boxes moved on May 8, 2008, contained inactive records related to the Kaw Nation of Oklahoma.

5. In response to the May 8, 2008 inadvertent shipment of Kaw Nation of Oklahoma records to the AIRR, on July 31, 2008, I emailed "OST-ALL," an email group which includes every OST employee, a color poster that listed all of the tribes (including the Kaw Nation of Oklahoma), for which courts had entered DPOs, attached as Exhibit RF1. The email instructed employees to display those posters in all office common areas. In that email, I instructed OST employees not to move documents related to tribes for which courts had entered DPOs. On August 12, 2008, I received a Joint Stipulation regarding a Document Preservation Order in the *Seminole Nation v. United States* Court of Federal Claims case. Therefore, I distributed a new notice, attached as Exhibit RF2, updated to add Seminole Nation of Oklahoma to the list of tribes, to the Record Retention Order Points of Contacts for further distribution.

6. OST takes seriously the obligations and responsibilities under the Document Preservation Order and it strives to comply with the DPO. In response to the most recent incident, OST would have considered disciplinary action. It cannot do so

because the person who inadvertently transferred the documents to the AIRR without providing notice to Plaintiff's counsel beforehand is no longer a federal employee. In the future, OST will continue to consider disciplinary action for employees who violate any DPO. As OST Chief of Staff, I will continue to stress the importance and significance of the Court's DPO and our responsibilities under it through quarterly and monthly meetings, through email reminders, and through any other means necessary to ensure OST complies with the Court's Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of August 2008.

RICHARD P. FIELITZ, JR.