# EXHIBIT RF2

To Records Retention Compliance Office POC

1. Rick Fielitz/OST/OS/DOI

08/12/2008 06:59 AM

cc

Subject New RRO - Seminole Nation of Oklahoma

August 11, 2008

Good afternoon,
We have just received an Order entered in the Court of Federal Claims in this case on August 7, 2008.

As the Order indicates, on July 9, 2008, the Court recognized that the entry of a Document Preservation Order ("DPO") was necessary, but declined Plaintiff's proposed DPO. The parties then worked together and negotiated the attached "Joint Stipulation Regarding Document Preservation of Certain Documents, Data, and/or Other Materials to be Provided by Defendant to Plaintiff" ("Joint Stipulation"). As the attorneys in the Solicitor's Office assigned to work on this case, we will be helping the Department of Justice with Interior's compliance with the August 7, 2008 Order.

As a reminder, you are required to preserve all "documents, data, and tangible things reasonably anticipated to be subject to discovery…" with respect to the issues and claims raised by the Seminole Nation of Oklahoma. Preservation of such documents includes taking steps necessary to prevent "partial or full destruction" of the same.

We are also attaching a copy of Larry Jensen's earlier memo concerning document retention for your review as well.

Copy and Paste the below message to a blank word document. Print it out and post it in all (non-individual) offices, i.e. all business - public areas (Where it will be see by all employees at work). When this has been completed please send me an e-mail detailing exactly what you have done. (This e-mail will be part of the record that we submit to the Court).

rick

**PRINT AND POST THE BELOW REMINDER AT ALL RECORDS LOCATIONS**

# *IMPORTANT REMINDER*

## *YOU ARE UNDER A COURT ORDER NOT TO MOVE:

## Records or non-records related to the following Tribes:

**This includes:**

## "Documents, data, and tangible things"

**(This includes: to other offices, to the AIRR, etc.)**

## IF YOU HAVE QUESTIONS PLEASE ASK FIRST!

1. Swinomish Indian Tribal Community
2. Navajo Nation
3. Round Valley Indian Tribes
4. Kaw Nation
5. Quechan Tribe of the Ft. Yuma Indian Reservation
6. Jicarilla Apache
7. Pueblo of Laguna

# 8. Seminole Nation of Oklahoma

Rick

If you have any questions please feel free to contact me at the number below.

Warning: This email, including any attachments, may contain Privacy Act Data/Sensitive Data which is intended only for the use of the individual(s) to whom it is addressed. It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable laws. If you are not the intended recipient, you are hereby notified that any distribution or copy of this email is strictly prohibited.

Rick Fielitz, Chief of Staff
Office of the Special Trustee for American Indians
Office (505) 816-1467 cell (505) 239-2301
rick_fielitz@ost.doi.gov

# In the United States Court of Federal Claims

No. 06-935 L
(Filed: August 7, 2008)

| | |
|---|---|
| SEMINOLE NATION OF OKLAHOMA, | * |
| Plaintiff, | * |
| v. | * |
| THE UNITED STATES, | * |
| Defendant. | * |

## ORDER

On August 4, 2008, the parties filed a Joint Stipulation Regarding Document Preservation of Certain Documents, Data and/or Other Materials to be Provided by Defendant to Plaintiff together with their Joint Preliminary Status Report. In its July 9, 2008 Order, the court recognized that entry of a document preservation order in this case would provide plaintiff with additional safeguards; however, it declined to adopt plaintiff's proposed version of such an order. Instead, the court, recognizing the parties' ability to successfully negotiate the terms of a confidentiality agreement and protective order, directed the parties to work together and attempt to negotiate the terms of a document preservation order. The court adopts the parties' joint stipulation. Pursuant to section 3, the court establishes the first reporting date for periodic reminders of record retention obligations as **Friday, August 22, 2008**.

## PARTIES' JOINT STIPULATION REGARDING DOCUMENT PRESERVATION OF CERTAIN DOCUMENTS, DATA, AND/OR OTHER MATERIALS TO BE PROVIDED BY DEFENDANT TO PLAINTIFF

Whereas this Court has determined that there is a need for an obligation regarding the retention or preservation of certain "documents, data, and tangible things" in this case, the parties hereby stipulate and agree to the following:

1. Obligation to Preserve Certain Documents, Data, and Tangible Things

During the pendency of this litigation (including informal settlement discussions, ADR, and any appeals herein), the parties, as well as their agencies, their employees, and their agents, shall take reasonable steps to preserve those documents, data, or tangible things that are in their possession, custody, or control, and that contain information that is relevant to, or may

reasonably lead to the discovery of information that is relevant to, the subject matter of the pending litigation (including claims and defenses), as that subject matter is set forth in the Complaint, and any amendments to it, and the Answer to such Complaint, and any amendments to it.

2. Definitions

For purposes of this Joint Stipulation, the following definitions apply:

(a) "Documents, data, and tangible things" shall be interpreted broadly to consist of writings; records; files; contracts; leases; correspondence; reports; memoranda; calendars; diaries; minutes; electronic mail (email) or other electronic messages; telephone message records or logs; computer and network activity logs; hard drives; backup data; removable computer storage media, such as tapes, disks, and cards; printouts; document image files; databases; spreadsheets; software; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; digital or chemical process photographs; video; phonographic or digital recordings, or transcripts thereof; and drafts. The term also shall include information that serves to identify, locate, or link documents, data, and tangible things, such as file inventories and indices.

(b) "Preserve" shall be interpreted broadly to accomplish the goal of maintaining the integrity of all documents, data, and tangible things reasonably anticipated to be subject to discovery under RCFC 26, 45, and 56(e) in this case. "Preserve" includes the parties taking reasonable steps to prevent the partial or full destruction, alteration, deletion, shredding, incineration, wiping, theft, or mutation of documents, data, and tangible things, and any negligent or intentional handling that would make material incomplete or inaccessible. The term also includes the parties taking reasonable steps to prevent the relocation of documents, data, and tangible things, if such relocation would result in the documents, data, or tangible things no longer being in the possession, custody, or control of the party from whom the documents, data, and tangible things are relocated.

3. Mechanism for Ensuring Compliance With This Joint Stipulation

The parties shall establish a mechanism for ensuring on-going compliance with this Joint Stipulation, such as periodic reminders of record retention obligations to be sent to appropriate document entities by a date to be determined by the Court and then every six months thereafter for the pendency of this case. Counsel shall notify the Court and opposing counsel, as soon as it is reasonably possible, if, at any time, they become aware of a violation of Paragraph 1 of this Joint Stipulation (i.e., the destruction or loss of certain documents, data, and/or tangible things).

4. Movement and Transfer of Records

When the Department of the Interior moves Indian trust records to the American Indian Records Repository (AIRR) in Lenexa, Kansas, according to the procedures and protocols described in the Indian Affairs Record Management Manual, the Department of the Interior must provide Plaintiff a written description of the documents it intends to move at least 10 days before it moves them. The descriptions must indicate the documents' general description (e.g., realty records, oil and gas records, bank records, trust fund records, etc.), the approximate volume of the documents, the date range of those documents when reasonably necessary to identify the documents, and the location from which the documents are being moved to the AIRR. When the Department of the Interior provides that written description, it satisfies this provision.

5. Dispute Resolution

If a party desires clarification of any issues related to the parties' obligations pursuant to, or compliance with, this Joint Stipulation, or believes that the opposing party has violated any term of this Joint Stipulation, the party shall notify the opposing party in writing and state the issues requiring clarification or the grounds upon which the party has formed such belief. As soon as practicable after receiving such written notification, the parties shall meet and confer in an attempt to clarify the issues in a mutually agreeable manner or resolve the dispute. If the parties cannot clarify the issues in a mutually agreeable manner or do not resolve the dispute, within a period of 20 days either party may file a motion with the Court seeking a ruling regarding the parties' obligations under, and compliance with, this Joint Stipulation.

6. Further Instructions, Clarification, or Modification of This Joint Stipulation

Each party may apply to the Court, at any time, for further instructions, clarification, or modification of this Joint Stipulation, regarding, inter alia, their obligations to preserve specific categories of documents, data, and tangible things covered by the Joint Stipulation. The parties intend to confer among themselves and to make a joint proposal or submission to the Court, wherever appropriate or possible.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge

# United States Department of the Interior

OFFICE OF THE SOLICITOR

MAR 1 2 2007

MEMORANDUM

To: Office of the Secretary
Office of the Solicitor
Office of the Special Trustee
 Office of Historical Trust Accounting
Office of the Inspector General
Office of Assistant Secretary - Indian Affairs
 Bureau of Indian Affairs
Office of Assistant Secretary - Policy, Management, and Budget
 Office of Hearings and Appeals
Office of Assistant Secretary - Land and Minerals
 Minerals Management Service
 Office of Surface Mining
 Bureau of Land Management
Office of Assistant Secretary - Fish, Wildlife, and Parks
 Fish and Wildlife Service
Office of Assistant Secretary - Water and Science
 Bureau of Reclamation
 U.S. Geological Survey

From: Lawrence J. Jensen
Deputy Solicitor

Subject: Litigation Hold: Preservation of Information in Tribal Trust Cases

As you may know, eighty Tribal plaintiffs, including some Indian groups that are not federally recognized, recently filed actions against the Department of the Interior ("Department") asserting claims of breach of trust and/or asset mismanagement (collectively, "Tribal Trust cases"). This gives rise to an extremely important obligation under Federal law to preserve material that is or may be relevant to the Tribal Trust cases.

The purpose of this Litigation Hold is to inform you of the scope of this obligation and what actions are required to comply with it. The preservation of information will primarily be carried out by individual employees and contractors (any reference herein to "employees" includes contractor employees). **Therefore, it is imperative that a copy of this Litigation Hold reaches every employee who may possess relevant information in your bureau or office.**

**Information To Be Preserved:**

The information that must be preserved consists of all "documents, data, and tangible things" in the possession, custody, or control of your bureau or office that are or may be relevant to the subject matter of the Tribal Trust cases. "Documents, data, and tangible things" encompass paper documents, electronically stored information (discussed below), and other materials, such as maps, videos, calendars, charts, and similar items.

Attached is a list identifying the individual Tribal plaintiffs whose information must be preserved. Additionally, the Native American Rights Fund has filed an action purporting to be on behalf of all other Tribes that received materials as part of the Tribal Reconciliation Project. Therefore, this Litigation Hold covers information concerning any Tribe or group of Indians for which the Department administers or has administered assets in trust.

The Tribal Trust cases concern the management and accounting of tribal resources and funds held in trust by the Department. Accordingly, information that is or may be relevant to these cases includes, without limitation, anything reflecting, referring or relating to:

1. any asset, such as funds, land, minerals, forestry, sand and gravel, or other resources, that is, or at any time has been, held in trust by the United States or its agents for Tribes or Indian groups ("trust asset");
2. policies, procedures, guidelines, or correspondence relating to any aspect of the management or administration of trust assets;
3. proceeds, interest, or income from trust assets; or disbursement, distribution, disposition or transfer of any trust assets;
4. reports, appraisals, reconciliations, or evaluations of any trust assets; and
5. information that serves to identify, locate, or link any relevant information, such as file inventories, file folders, and indices.

The timeframe of information that must be preserved is from a yet-to-be-determined beginning date through the present, which means that information created in the future must also be preserved.

**General Preservation Requirements:**

Employees are required to take "reasonable steps" to preserve the information described above. Reasonable steps, at a minimum, include ensuring that information is not purged pursuant to a records disposition schedule or otherwise inadvertently destroyed. This obligation also extends to records maintained in off-site storage facilities, which may include, in some instances, Federal Records Centers. At the present time, this obligation is only to identify and preserve the information. You will be notified if anything additional is required as the Tribal Trust cases proceed.

**Preservation of Electronically Stored Information ("ESI"):**

Under new amendments to the Federal Rules of Civil Procedure, the preservation requirement explicitly relates to electronically stored information. ESI can include, but is not limited to:

- E-mail (including attachments);
- Instant messages;
- Electronic calendars, task lists, and other organizational aids;
- Word processing documents;
- Spreadsheets;
- Databases;
- Audio and video recordings; and
- Voicemail.

ESI may be located on network systems and servers, local hard drives, laptops, storage media, (including flash drives, diskettes, and CD-ROMs), as well as on PDAs (such as Blackberries) and cell phones. Note that home computers, cell phones, and other devices used for work may also contain relevant or potentially relevant information that must be identified and preserved. Further, the hard drive and network files of departing employees must be identified and preserved.

Your IT personnel will be responsible for taking steps to preserve ESI from a technical standpoint. Employees should seek assistance from the IT personnel as necessary to preserve their ESI, and in no case should they delete any relevant information.

**Conclusion:**

Immediate compliance with this Litigation Hold is essential to protect the Department from lengthy—and avoidable—discovery disputes that consume bureau time and resources and other negative consequences, such as monetary sanctions and evidentiary inferences that would limit the Department's ability to defend against the claims in the cases. This Litigation Hold also protects individual managers and employees by providing them basic guidance on how to comply with their legal requirements.

Thank you for your prompt attention to this matter. Please direct any questions about this memorandum to Paul Smyth, Counselor to the Solicitor, (202-208-4307).

Attachment

**Tribes and Indian Groups with Pending Tribal Trust Cases (As of 3/06/2007)**

Ak-Chin Indian Community

Alabama Quassarte Tribal Town

Assiniboine & Sioux

Gros Ventre Tribe and Assiniboine Tribe

Blackfeet Tribe of the Blackfeet Indian Reservation

Cheyenne River Sioux Tribe

The Chickasaw Nation and Choctaw Nation

Chippewa Cree ("Pembina")

Chippewa Cree Tribe of the Rocky Boy's Reservation

Coeur d'Alene Tribe

Colorado River Indian Tribes

The Confederated Tribes of the Colville Reservation

Confederated Tribes of the Goshute Reservation

Confederated Tribes of the Warm Springs Reservation of Oregon

Crow Creek Sioux Tribe

Delaware Tribe of Indians and The Delaware Trust Board

Delawares of Idaho, Inc.

Eastern Shawnee Tribe of Oklahoma

Gila River Indian Community

Haudenosaunee, Onondaga Nation

Hoopa Valley Tribe

Hopi Tribe

Iowa Tribe of Kansas and Nebraska

Jicarilla Apache Nation

Kaw Nation of Oklahoma

Makah Indian Tribe of the Makah Indian Reservation

Miami Tribe of Oklahoma

Muscogee (Creek) Nation of Oklahoma

Navajo Nation

Nez Perce, et al (Class Action)

- Mescalero Apache Tribe
- Tule River Indian Tribe
- Hualapai Tribe
- Yakama Nation
- Klamath Tribes
- Yurok Tribes
- Cheyenne-Arapaho Tribe
- Sac and Fox Nation
- Santee Sioux Tribe of Nebraska

Nez Perce Tribe

Northern Cheyenne Tribe of Indians

Northwestern Band of Shoshone Indians

Oglala Sioux Tribe

Omaha Tribe of Nebraska

Osage Nation and/or Tribe of Indians of Oklahoma

Otoe-Missouria Tribe of Indians of Oklahoma

Paiute-Shoshone Indians of the Bishop Community of the Bishop Colony, California

Passamaquoddy Tribe of Maine

Pawnee Nation of Oklahoma

Pechanga Band of Luiseno Mission Indians of California

Ponca Tribe of Indians of Oklahoma

Prairie Band of Potawatomi Nation

Pueblo of Laguna

Pueblo of Santa Ana

Quechan Tribe of the Fort Yuma Indian Reservation

Red Cliff Band of Lake Superior Chippewa Indians

Rosebud Sioux Tribe

Round Valley Indian Tribes

Salt River Pima-Maricopa Indian Community

San Manuel Band of Serrano Missions Indians

Seminole Nation of Oklahoma

Shoshone-Bannock Tribes of the Fort Hall Reservation

The Shoshone Indian Tribe and Northern Arapaho Tribe of the Wind River Reservation, Wyoming

Eastern Shoshone Tribe and Northern Arapaho Tribe

Soboba Band of Luiseno Indians

Sokaogon Chippewa Community (aka Mole Lake Band of Lake Superior Chippewa Indians)

Standing Rock Sioux

Stillaguamish Tribe of Indians

Swinomish Indian Tribal Community

Te-Moak Tribe of Western Shoshone Indians (Class Action)

Three Affiliated Tribes of the Fort Berthold Reservation

Tohono O'odham Nation

Tonkawa Tribe of Indians of Oklahoma

United Keetoowah Band of Cherokee Indians in Oklahoma.

Ute Indian Tribe of the Uintah and Ouray Reservation

Winnebago Tribe of Nebraska

Wyandot Nation of Kansas

Yankton Sioux

Yomba Shoshone Tribe